■ JAMES M. WELTY et al., Appellants-Respondents, v C. STERLING BROWN, Respondent-Appellant.—Cross appeals from (1) a judgment of the Supreme Court, entered October 23, 1975 in Tioga County, upon a verdict rendered at a Trial Term in favor of plaintiffs, and (2) an order denying plaintiffs' motion to set aside the verdict upon the ground of inadequacy. The accident giving rise to this case occurred on a dry, dark night when the plaintiff James M. Welty's motorcycle was struck by defendant's car as both vehicles were proceeding in an easterly direction near an intersection in the road. About 500 feet from the intersection said plaintiff gave a hand signal for a left turn which he continued to display for a distance of approximately

100 feet. His motorcycle was not equipped with electrical or mechanical turn signals. Plaintiff James M. Welty alleged that while he was in his own lane with his front wheel on the solid yellow line dividing the eastbound and westbound lanes, his motorcycle was struck by the defendant's car. Defendant testified that the motorcycle was about 150 feet west of the intersection in question when he first observed it, and that it appeared to be at an angle to the roadway, with no lights on the machine and the operator having his left foot on the pavement. After a three-day trial, the jury found in favor of the plaintiff James M. Welty for the total amount of $6,700 and his wife Candace J. Welty in the amount of $500. Upon questioning by the court, the jury itemized the plaintiff James M. Welty's award in the following manner: $1,572 for the value of the motorcycle and clothing, $1,334 for medical expenses, $2,784 for lost wages and $1,000 for pain and suffering. The defendant argues that the sole proximate cause of the accident was the plaintiff James M. Welty's failure to signal in violation of section 1163 of the Vehicle and Traffic Law. In our view the plaintiff's and defendant's respective versions of the facts merely raised issues of conflicting testimony for resolution by the jury. Plaintiffs complain that the damages were inadequate as a matter of law and, specifically, urge that the $1,000 for pain and suffering, the $2,784 for lost wages and the $500 for the wife's loss of society did not adequately compensate the injuries. The award for lost wages covers the period from the date of the accident to the date on which the plaintiff husband was allowed to return to full-time work. It is urged that James M. Welty was unable to find steady employment for an additional 11 months because his old employer no longer had a position for him and that he, therefore, should be compensated. The jury, in determining the amount of lost wages directly attributable to the accident, could have been persuaded in their verdict by his recovery of unemployment insurance benefits and such other factors as the possibility that he may have been laid off in any event. We see no reason to disturb this part of the verdict. The jury's award to Candace J. Welty of $500 for loss of services and society to the husband should also not be disturbed. The award of $1,000 to the plaintiff James M. Welty for pain and suffering, however, requires comment by this court. The trial court may, in its discretion, conditionally set aside a verdict if it deems the verdict to be excessive or inadequate (*Garfield v Stolz*, 32 AD2d 835, affd 26 NY2d 929). This court will not disturb such a determination unless it is not reasonably grounded (*Kielman v Enterprise Stores*, 38 AD2d 629). Each case must be assessed on its own peculiar facts and circumstances, since prior decisions usually involve somewhat different injuries and circumstances and are, therefore, of little value; but a jury's assessment of damages should not be disturbed unless it is so excessive or inadequate that it shocks the conscience of the court (*Good v Mantaibano*, 50 AD2d 885). This court has, on occasion, awarded new trials unless the defendant agreed to stipulate to increase the verdict (*Rivera v Presbyterian Hosp.*, 55 AD2d 998; *Bonder v Berman*, 43 AD2d 653). In the instant case the jury awarded $1,000 for "pain and inconvenience suffered by Mr. Welty". The uncontradicted testimony reveals a 50% loss of flexion motion in the ankle, with probable resulting arthritis, and reduced ability to use the leg. On this record, we feel that the judgment in the amount of $1,000 to plaintiff James M. Welty was inadequate and that it should be raised to $15,000. Judgment and order in respect to the case of plaintiff James M. Welty reversed, on the law and the facts, and a new trial limited solely to the question of damages ordered, unless within 20 days of the service of the order to be entered herein, the defendant

stipulates to increase the verdict to James M. Welty for conscious pain and suffering to $15,000, in which event judgment and order, as so modified, affirmed, with costs; and in all other respects the judgment and order affirmed, without costs. Koreman, P. J., Greenblott, Main and Herlihy, JJ., concur; Larkin, J., concurs in part and dissents in part in the following memorandum. I concur with the majority statement in all respects except if the defendant should not stipulate to the increased amount then I would order a trial *de novo* of all issues because the questions of liability and damages are so intertwined. In my opinion the verdict is a compromise verdict and, therefore, a trial *de novo* is mandated.