OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
In this action, plaintiff seeks to recover compensatory and punitive damages for defendant’s alleged wrongful termination of disability benefits under a group accident and sickness insurance policy. In addition, plaintiff has interposed a cause of action against defendant insurer for malpractice allegedly committed by a physician who conducted an examination at the insurer’s request as provided by the policy. The principal issue is whether punitive damages may be awarded in these circumstances.
Inasmuch as plaintiff’s action is grounded upon private breach of contract, and does not seek to vindicate a public right or deter morally culpable conduct, punitive damages are not recoverable (e.g., Trans-State Hay & Feed Corp. v Faberge, Inc., 35 NY2d 669, affg 42 AD2d 535; Walker v Sheldon, 10 NY2d 401, 404; see Garrity v Lyle Stuart, Inc., 40 NY2d 354, 358). Contrary to plaintiff’s argument Gordon v Nationwide Mut. Ins. Co. (30 NY2d 427, 436-437) and similar cases do not hold otherwise. There, the court indicated that an insured may recover damages in excess of policy limits when such *908 damages stem from an insurer’s bad faith refusal to settle a liability claim made by a third party. That principle can find no application where the insurer has terminated disability benefits allegedly payable to the insured, for there is no possibility of the insured being cast in damages which exceed policy limits by reason of the insurer’s conduct. Nor may the punitive damage claim be sustained under section 40-d of the Insurance Law. Assuming, without deciding, that a private damage action lies under that section, the one instance of unfair settlement practice pleaded would not constitute a general business practice within the meaning of the statute.
Finally, the malpractice cause of action must fail. Although the doctor might have been the agent of the insurer for certain purposes (but see Axelrod v Metropolitan Life Ins. Co., 267 NY 437), he was not an employee. Thus, this case falls within the general rule that a principal is not responsible for torts committed by a nonservant agent (e.g., Restatement, Agency 2d, § 250; cf. Rosensweig v State of New York, 5 NY2d 404).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed, etc.