OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 Plaintiff seeks recovery for compensatory and punitive damages for defendant insurer’s alleged bad faith and unlawful conduct in dealing with her claim under her deceased husband’s insurance policy. So much of the complaint as seeks compensatory damages is barred by the doctrine of
 
 res judicata.
 
 There is nothing to indicate the present action grows out
 
 *901
 
 of any facts not known when the prior action was brought to recover on the policy but which subsequently came to light either in the course of the insurer’s defense of the first action or thereafter (see 5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.17, pp 50-104 to 50-105).
 

 Moreover, assuming section 40-d of the Insurance Law can be read to create a private cause of action, the allegations of the complaint were insufficient to bring the case within that statute, which proscribes only unfair business practices
 
 (Halpin v Prudential Ins. Co. of Amer.,
 
 48 NY2d 906, 908). In particular, nothing has been shown, either via records of the Insurance Department or records of other litigation involving the same carrier or by any other means, to demonstrate that the conduct complained of by the plaintiff occurred in more than this isolated instance.
 

 Finally, we note that absent a valid claim for compensatory damages, there could be none for punitive damages even if the insurer’s refusal to pay the benefit due under the policy in the circumstances here could be said to be such a gross disregard of its contractual obligations as to constitute morally culpable conduct for which punitive damages might be claimed (see
 
 Sukup v State of New York,
 
 19 NY2d 519, 522).
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed, without costs, in a memorandum.