■ LOUIS G. MANOLIS, Respondent, v INTERNATIONAL LIFE INSURANCE COMPANY OF BUFFALO, Appellant. — Order insofar as appealed from unanimously reversed, without costs, and motion to dismiss fifth cause of action granted. Memorandum: On January 14, 1976 plaintiff fell from a loading dock at his place of employment. In March of 1976 he submitted a claim for benefits under two disability income insurance policies issued to him by defendant and for approximately eight months disability benefits were paid to him. The attending physician's statement of May, 1976, accompanying plaintiff's monthly disability claim form, indicated that he would be totally disabled for approximately three weeks, at which time he would be able to return to work; the estimated period of disability was extended with each monthly physician's statement until the statement of October, 1976 stated that plaintiff was totally and permanently disabled. Plaintiff was examined by defendant's neurosurgeon in November, 1976, who concluded that plaintiff's complaints were all subjective in nature, not substantiated by physical findings, and that plaintiff was not totally disabled. Based on this report defendant terminated the benefit payments to plaintiff. Plaintiff instituted suit for breach of contract: in his fifth cause of action he sought damages for the intentional infliction of extreme emotional distress, and in his sixth cause of action he sought punitive damages. Defendant moved for dismissal of these two causes of action for failure to state a claim upon which relief could be granted. Special Term dismissed the sixth cause of action, amended the fifth to include a claim for punitive damages and denied defendant's motion in all other respects. The fifth and sixth causes of action should have been dismissed. Plaintiff's allegations fail to set forth conduct by defendant so outrageous in character and so extreme in degree as to establish a cause of action for intentional infliction of extreme emotional distress (Nestlerode v Federal Ins. Co., 66 AD2d 504, mot for lv to app den 48 NY2d 604). Furthermore, plaintiff's allegations do not support an award of punitive damages. An award of punitive damages in an action for mere breach of contract is inconsistent with established contract principles, for only a private wrong, and not a public right is involved (Garrity v Lyle Stuart, Inc., 40 NY2d 354; United States Fid. & Guar. Co. v Copfer, 63 AD2d 847, affd 48 NY2d 871). (Appeal from order of Erie Supreme Court, Green, J. — partial summary judgment.) Present — Dillon, P.J., Cardamone, Doerr, Denman and Moule, JJ.