◼ FRANK S. DANO et al.,·Respondents-Appellants, v ROYAL GLOBE INSURANCE COMPANY et al., Defendants, and WILLIAM S. ANDREWS et al., Individually and as Copartners Doing Business Under the Firm Name and Style of Andrews, Huffman & Donnelly, Appellants-Respondents. — Order unanimously modified in accordance with memorandum, and, as modified, affirmed, without costs. Motion for discovery denied. Memorandum: This is an action by insureds against their fire insurance company, defendant Royal Globe Insurance Company, the broker who issued the policy, defendant Turnbull, the insurer's attorneys, defendants Andrews, Huffman and Donnelly, and the insurer's claims manager and adjuster, defendant DeDomenico. On January 31, 1980 plaintiffs became the owners of a fire-damaged building at 148 Hobart Street, Utica, New York. They purchased the property "as is" for $1,500 and insured it with defendant Royal Globe through defendant Turnbull under a policy providing coverage limits of $15,000 on the building and $5,000 on the contents. Two weeks later, on February 14, 1980, the property was damaged again by fire. Efforts were made by the insurer to adjust the loss but failed because plaintiffs demanded payment of the full coverage. Finally, on December 8, 1980 defendant attorneys wrote plaintiffs' counsel, with a copy to plaintiffs and their adjuster, disclaiming because of conduct constituting "fraud, misrepresentation and false statements" within the terms of the policy. The letter stated the particulars on which the insurer relied. This action followed. Plaintiffs allege four causes of action: (1) defamation because of the

letter of disclaimer, (2) breach of fiduciary obligation by defendant Turnbull, (3) a claim for punitive damages based upon a breach of a fiduciary duty to negotiate and settle the claim in good faith, and (4) an action on the insurance contract. Defendants (except Turnbull) moved for summary judgment on the first and third causes of action. Special Term granted defendants' motion as to the third cause of action but denied summary judgment as to the first cause of action and the parties have filed cross appeals. Assuming that counsel's letter was defamatory, it was nevertheless conditionally privileged. The disclaimer was a bona fide communication (indeed, the insurer was required to notify the insureds of the specifics of the disclaimer [see *General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864]) by one having a duty to communicate to others having a corresponding interest or duty in the matter (*Shapiro v Health Ins. Plan of Greater N. Y.*, 7 NY2d 56, 60-61). Since a disclaimer letter by the insurer is conditionally privileged, the communication by its attorneys on its behalf is also privileged (see *Kenny v Cleary*, 47 AD2d 531, 532). The copy addressed to the insured's adjuster was similarly privileged because of his active participation in the settlement negotiations. That being so, the burden rested on plaintiffs, if they were to resist the motion for summary judgment, to demonstrate that a factual issue existed on whether defendants' action in disclaiming arose out of malice, ill will or a desire to injure plaintiffs (*Shapiro v Health Ins. Plan of Greater N. Y., supra*). They have not done so nor have they demonstrated that such proof would be available by additional discovery. Defendants supported their motion with appropriate references to documentary proof indicating that although plaintiffs claimed $35,024.25 in damages to the building, the premises had been damaged in July, 1979 by a fire with an estimated loss of $23,867, that plaintiffs had paid $1,500 in January, 1980 for the premises "as is," that the contractor furnishing that estimate in July re-examined the premises in 1980 after the fire and judged that no repairs had been made to them and that plaintiffs claimed a loss of $2,060 on contents, although a tenant of the building had stated that the contents belonged to him. Defendants also had the statement of the tenant that no work had been done to remodel the first floor at the time of the fire and that he had been paying less rent than plaintiffs claimed in their proof of loss. This was some of the evidence which prompted defendants' disclaimer and plaintiffs failed to rebut it with any of their own indicating that defendants were motivated by bad faith or malice. Their principal opposition constituted affidavits of the tenants in which they offered explanations contradicting their prior statements, statements by plaintiffs contesting various claims concerning the condition of the property when purchased and the request that they should be permitted further discovery of Turnbull. The cause of action involving Turnbull is not before us, however, and there is nothing in plaintiffs' papers suggesting that deposing him would produce evidence of malice on the part of these defendants which would warrant a jury trial. Accordingly, judgment should have been granted dismissing the first cause of action (see *Trails West v Wolff*, 32 NY2d 207, 221). Special Term properly dismissed the third cause of action. In it plaintiffs allege that they are entitled to recover punitive damages because of defendants' failure to negotiate and settle the claim in good faith. The allegations paraphrase the provisions of subdivision 1 of section 40-d of the Insurance Law. Violation of the provisions of that statute does not provide the basis for a cause of action to recover punitive damages, however (*Royal Globe Ins. Co. v Chock Full O'Nuts Corp.*, 86 AD2d 315, 316; *Cohen v New York Prop. Ins. Underwriting Assn.*, 65 AD2d 71, 78-79; see, also, *Halpin v Prudential Ins. Co. of Amer.*, 48 NY2d 906, 907; *Hubbell v Trans World Life Ins. Co. of N. Y.*, 70 AD2d 949, affd 50 NY2d 899). In those few cases in which damages in excess

of the policy limits have been recovered because of the violation of a contractual duty of good-faith performance, the courts have required a high degree of proof, not present here, that the insurer has been guilty of a "disingenuous or dishonest failure to carry out [the] contract" (*Gordon v Nationwide Mut. Ins. Co.*, 30 NY2d 427, 437; see, also *Royal Globe Ins. Co. v Chock Full O'Nuts Corp., supra; Manolis v International Life Ins. Co. of Buffalo*, 83 AD2d 784). Finally, plaintiffs' motion to this court for permission to tape record examinations before trial is denied. (Appeal from order of Supreme Court, Oneida County, Roy, J. — summary judgment.) Present — Simons, J. P., Callahan, Doerr, Moule and Schnepp, JJ.