*829 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The first cause of action for defamation is against the Andrews law firm, Royal Globe and Patrick DiDomenico, Royal’s manager. It concerns a disclaimer letter written by the Andrews law firm to plaintiffs, their attorney and their adjuster. Nothing in the complaint or affidavits submitted on plaintiffs’ behalf presents a triable issue as to publication by Royal Globe or DiDomenico. As to the Andrews firm, although there is no question of publication, we agree with the Appellate Division that the letter is qualifiedly privileged. It was, therefore, plaintiffs’ burden to show that defendant Andrews acted with malice and, there being nothing to establish that examination of Turnbull could reasonably be expected to result in evidence of malice on the part of the Andrews firm and no other examination having been requested, CPLR 3212 (subd [f]) provided no basis for denial of the motion of defendants (other than Turnbull) for summary judgment. As we held in Zuckerman v City of New York (49 NY2d 557, 562): “one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient.”
The third cause of action was also properly dismissed. Assuming that section 40-d of the Insurance Law can be read to create a private cause of action (see Hubbell v Trans World Life Ins. Co. of N. Y., 50 NY2d 899, 901), we find in the papers no “evidentiary proof in admissible form” of a “general business practice” on the part of Royal Globe, as that section requires. Nor, even if we assume that bad-faith cases such as Gordon v Nationwide Mut. Ins. Co. (30 NY2d 427), upon which plaintiffs rely, apply to a failure to settle an insured’s first-party claim under a fire insurance policy, as distinct from the failure to defend or settle a third party’s claim against the insured as required *830 by a liability policy (cf. Halpin v Prudential Ins. Co. of Amer., 48 NY2d 906, 907-908), have plaintiffs presented evidentiary proof of the gross disregard of the insured’s rights which are an essential element of such a cause of action.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Meyer concur; Judge Simons taking no part.
Order affirmed, with costs, in a memorandum.