■ NAVNITRAM TOPIWALA, Appellant-Respondent, v NEW YORK LIFE INSURANCE COMPANY, Respondent-Appellant. — Order, Supreme Court, New York County (Rosenberger, J.), entered February 24, 1982, which, inter alia, granted the defendant's motion to dismiss the fifth, sixth and eighth causes of action in the proposed amended complaint and denied leave to amend those causes of action in the proposed amended complaint, and adhered on reargument to its previous determination that permitted plaintiff to include the seventh cause of action in the proposed amended complaint, modified, on the law, to reverse the order to the extent that it dismissed the eighth cause of action and permitted plaintiff to include the seventh cause of action in the proposed amended complaint, without costs, and otherwise affirmed. In this action by an insured seeking varied relief as a result of alleged breaches by the defendant insurer of its obligation under three insurance policies (a disability policy, a hospital and surgical benefits policy, and a life insurance policy), plaintiff appeals from that part of the order of Special Term which granted defendant's motion to dismiss the fifth, sixth and eighth causes of action in the proposed amended complaint and denied leave to amend those causes of action, and the defendant cross-appeals from that part of the same order which granted reargument but adhered to a prior decision that permitted plaintiff to include the seventh cause of action in the amended complaint. We agree with Special Term, for the reasons stated in its two opinions, that the fifth and sixth causes of action in the proposed amended complaint were legally insufficient as originally worded and as plaintiff proposed to amend them. As to the proposed seventh cause of action, we believe that to be also legally insufficient and accordingly modify Special Term's order to deny plaintiff permission to include that cause of action in the proposed amended complaint. The proposed seventh cause of action alleges that defendant had informed plaintiff that his disability, health and insurance policies had been canceled due to a claimed failure to pay premiums; that any such failure was attributable to plaintiff's financial inability to pay which had been in part caused by the failure of the defendant to pay benefits to which plaintiff was entitled; that some premiums alleged not to have been paid were in fact not owing to defendant; and that defendant by its failure to pay certain benefits had breached its contracts and was not entitled to collect the premiums. The proposed cause of action sought $500,000, allegedly the value to him of insurance to which he was entitled, but which apparently was intended to represent compensatory damages of an unspecified nature, not amounts due plaintiff under the policies. The issue presented by this proposed cause of action is essentially the same as that addressed by the Court of Appeals in *Halpin v Prudential Ins. Co. of Amer.* (48 NY2d 906), which sustained the dismissal of an action for compensatory damages under similar circumstances. In *Halpin* the plaintiff sought compensatory and punitive damages for defendant's alleged wrongful termination of disability benefits under a group accident and sickness insurance policy.

Referring to *Gordon v Nationwide Mut. Ins. Co.* (30 NY2d 427, 436-437), an authority relied on by the plaintiff in *Halpin* and in part relied on by the plaintiff here, the Court of Appeals said (at pp 907-908): "There, the court indicated that an insured may recover damages in excess of policy limits when such damages stem from an insurer's bad faith refusal to settle a liability claim made by a third party. That principle can find no application where the insurer has terminated disability benefits allegedly payable to the insured, for there is no possibility of the insured being cast in damages which exceed policy limits by reason of the insurer's conduct." An examination of the dismissed *Halpin* complaint discloses allegations of misconduct and bad faith in all essential respects indistinguishable from those presented here. We note that in several causes of action whose legal sufficiency was properly sustained by Special Term, the plaintiff seeks to recover benefits under the disability benefits policy which he claims to have been wrongfully canceled. Under the principles set forth in *Halpin,* this would appear to be precisely the relief to which plaintiff will be entitled if his allegations are sustained. As to the hospital benefits and life insurance policies, the complaint is clear that the plaintiff sustained no loss that would entitle him to recover benefits under those policies. Nor is there any claim in the seventh cause of action, or indeed anywhere in the complaint, that the plaintiff sustained any appropriately compensable damage as the result of the alleged wrongful cancellation of those policies such as might arguably have occurred if, for example, plaintiff had been required to secure equivalent coverage at higher premiums. Indeed, with regard to the cancellation of a life insurance policy, New York law does not permit a suit for money damages either in the amount of the present value of the policy or the face amount, during the life of the insured. (*Kelly v Security Mut. Life Ins. Co.,* 186 NY 16; 20 Appleman, Insurance Law and Practice, § 11251, p 5.) In short, as to the hospital benefits and life insurance policies, plaintiff seeks general compensatory damages of the kind that appear to have been disapproved in *Halpin v Prudential Ins. Co. of Amer. (supra).* However, under the circumstances presented, we believe that the eighth cause of action, seeking a declaration that the several policies of insurance remain in full force and effect, should be reinstated. Indeed, Special Term dismissed that action only because, having sustained the seventh cause of action, as well as the causes of action seeking disability benefits, it concluded that there was an existing dispute that would resolve the issue as to whether the several policies remain in full force and effect. Since we have concluded that the seventh cause of action should be dismissed, it follows that the action seeking a declaration with regard to the present legal status of the policies will serve an appropriate and useful purpose. Concur — Kupferman, J. P., Sandler, Ross, Carro and Asch, JJ.