Robert C. SMITH

v.

FIREMAN'S FUND INSURANCE COMPANY.

Civ. No. 81–3989.

United States District Court,
E.D. Pennsylvania.

Oct. 5, 1983.

David Jaroslawicz, New York City, Avram Adler, Adler & Kops, Philadelphia, Pa., for plaintiff.

Edward C. German, German, Gallagher & Murtagh, Philadelphia, Pa., for defendant.

MEMORANDUM

LOUIS H. POLLAK, District Judge.

Defendant Fireman's Fund Insurance Company's motion for summary judgment poses the question of whether California, New York or Pennsylvania law determines the viability of plaintiff Robert Smith's claim. Mr. Smith, a citizen of New York, presses a claim for wrongful termination of Pennsylvania workers' compensation benefits against Fireman's Fund, a California corporation.

■ The choice-of-law question arises in the following context: Fireman's Fund carried Mr. Smith's employer's workers' compensation insurance at the time of Smith's work-related back injury in 1976. Fireman's Fund paid Mr. Smith's benefits from the time of the injury until 1980. During this period Mr. Smith moved from Pennsylvania to Florida, and then to New York. From time to time, Fireman's Fund required plaintiff to undergo a physical examination to determine whether plaintiff had recovered his health enough to return to work. These examinations disclosed no such improvement until, in 1980, Fireman's Fund insisted that Mr. Smith travel from Brooklyn to Pennsylvania and submit to an examination by Dr. Blaker. Dr. Blaker executed an affidavit reciting that Smith could return to work. Fireman's Fund filed the affidavit with the Pennsylvania Worker's Compensation Bureau and, pursuant to that filing, automatically terminated Mr. Smith's benefits. In 1981 the Bureau determined that Dr. Blaker had erred

and the Bureau reinstated Mr. Smith's benefits. Thereafter, Mr. Smith brought this action for compensatory and punitive damages against Fireman's Fund in the Northern District of California. Smith alleges bad faith termination of benefits, intentional infliction of emotional distress, and fraud. Upon defendant's motion, the California district court transferred this action to this court pursuant to 28 U.S.C. § 1404(a). Fireman's Fund has now moved for summary judgment.

Choice of the proper substantive law governing this action disposes of this motion for summary judgment. Three states have some arguable relation to this law suit: (1) California is the state of defendant's incorporation; moreover, since suit was commenced there, it remains, in point of federal judicial practice, constructively the forum (as more fully explained below). (2) New York was plaintiff's state of residence when benefits were terminated, and New York is where plaintiff continues to reside. (3) Pennsylvania was plaintiff's state of residence and employment when he was injured, and the Pennsylvania Worker's Compensation statute has governed the initiation, termination and reinstatement of plaintiff's benefits.

California allows a plaintiff to recover for bad faith failure to pay his claim. *See Gruenberg v. Aetna Insurance Co.*, 9 Cal.3d 566, 510 P.2d 1032, 108 Cal.Rptr. 480 (1973). On the other hand, Pennsylvania does not permit a private right of action for bad faith failure to pay. *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.*, 494 Pa. 501, 431 A.2d 966 (1981); *Layton v. Liberty Mutual Fire Insurance Co.*, 577 F.Supp. 1 (E.D.Pa.1983). If the Pennsylvania courts will not permit plaintiff to bring an allegation of bad faith termination on an insurance contract, *a fortiori* they will disallow claims for intentional infliction of emotional distress and for "fraud" which essentially rest on the same facts. In particular, although plaintiff here strongly asserts that his complaint makes out a claim in fraud, plaintiff does not allege that Fireman's Fund or Dr.

Blaker defrauded plaintiff. At most, Fireman's Fund and Dr. Blaker unsuccessfully attempted to defraud the Pennsylvania Workers' Compensation Bureau.

New York presents a more difficult problem. N.Y.Ins.Law § 40–d (McKinney Supp.1982) prohibits certain unfair claim settlement practices on the part of insurers. The Appellate Division initially held that this section provided no private right of action against insurers. *Cohen v. New York Property Insurance Underwriting Association*, 65 A.D.2d 71, 410 N.Y.S.2d 597 (1978). However, the Court of Appeals has since intimated that a private cause of action might lie under this section, although the Court of Appeals has never affirmed an award of damages under such a private claim. *See Dano v. Royal Globe Insurance Co.*, 59 N.Y.2d 827, 451 N.E.2d 488, 489, 464 N.Y.S.2d 741, 742 (1983) ("[a]ssuming that section 40–d of the Insurance Law can be read to create a private cause of action[,]" plaintiffs evidence still insufficient); *Hubbell v. Trans World Life Insurance Co.*, 50 N.Y.2d 899, 901, 408 N.E.2d 918, 919, 430 N.Y.S.2d 589, 590 (1980) ("assuming section 40–d of the Insurance Law can be read to create a private cause of action, the allegations of the complaint were insufficient to bring the case within that statute, which proscribes only unfair business practices"); *Halpin v. Prudential Insurance Co.*, 48 N.Y.2d 906, 908, 401 N.E.2d 171, 172, 425 N.Y.S.2d 48, 49 (1979) ("Assuming, without deciding, that a private damage action lies under [section 40–d], the one instance of unfair settlement practice pleaded would not constitute a general business practice within the meaning of the statute.") The Appellate Division has recognized that these cases limit Cohen. *Royal Globe Insurance Co. v. Chock Full O' Nuts Corp.*, 86 A.D.2d 315, 318, 449 N.Y.S.2d 740, 742 (1982).

In *Halpin*, defendant had terminated plaintiff's disability benefits under a group accident and sickness insurance policy. Plaintiff demanded compensatory and punitive damages and also asserted a mal-

practice claim against defendant's physician who had examined plaintiff and provided the basis for the termination. The Court of Appeals held that, in an action on the insurance contract, plaintiff could recover no more than the policy limit. Plaintiff could not recover additional compensatory damages or punitive damages under section 40–d because plaintiff had not shown a pattern of conduct on the part of defendant; plaintiff had alleged only one incident.

*Halpin* therefore suggests that a New York court could entertain plaintiff Smith's action only under section 40–d. Smith has recovered under his policy. In this action he claims a right to recover for further damages incurred as a result of his benefits interruption. However, Smith might recover under 40–d if he can show a pattern of bad business practice on the part of Fireman's Fund. Smith has alleged two patterns. Smith alleges that Fireman's Fund repeatedly had him examined in an effort to establish grounds for terminating his benefits. Smith also suggests that Dr. Blaker often gives questionable diagnoses.

Thus, if New York or California law applies, plaintiff can survive this motion for summary judgment. If Pennsylvania law applies, defendant will prevail on this motion.

As a transferee court under 28 U.S.C. § 1404(a) this court must apply the law that the transferor court in the Northern District of California would have applied. *Van Dusen v. Barrack,* 376 U.S. 612, 639, 84 S.Ct. 805, 820, 11 L.Ed.2d 945 (1964). The district court in California would apply California choice-of-law rules to determine the law applicable to this case. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Accordingly, this court must apply those California rules.

California determines the law applicable to a case by an analysis of the governmental interests at stake. *Offshore Rental Co. v. Continental Oil Co.,* 22 Cal.3d 157, 583 P.2d 721, 148 Cal.Rptr. 867 (1978); *Reich v. Purcell,* 67 Cal.2d 551, 432 P.2d 727, 63 Cal.Rptr. 31 (1967); *see also Fleury v. Harper & Row Publishers, Inc.,* 698 F.2d 1022 (9th Cir.1983). One can imagine two competing governmental interests in the determination of insurers' liability for bad faith termination of benefits. The state where an insured resides while receiving benefits has an interest in encouraging the continuity of the benefits' payment. New York, then, has an interest in deterring wrongful termination of its residents' benefits through the threat of a private right of action for broad compensatory damages and punitive damages.

The state which required the underlying Workers' Compensation scheme also has an interest which cuts the other way. If every mistaken benefit termination creates the risk of a private action for bad faith termination, insurers will terminate people less often. This will result in insurers paying benefits to some individuals not entitled to them. Further, insurers will have to defend all suits, meritorious or not. These combined effects will increase the cost of insurance in the state. This may be part of the reason why Pennsylvania has chosen to entrust the policing of insurers' behavior solely to the official regulatory process, precluding all private claims.

California has an interest in regulating the conduct of its residents' insurers. But that interest is attenuated when the contingencies covered and the persons to be protected are both out-of-state. It seems a fair inference that a California court would conclude that California's interest should be subordinated to the respective interests of Pennsylvania and New York. As between the New York and Pennsylvania rules, neither one seems patently anachronistic. *See Offshore Rental Co.,* 22 Cal.3d at 165–166, 583 P.2d at 726, 148 Cal.Rptr. at 872. Further, neither one yields a manifestly higher "attainment of underlying purpose by all governmental entities." *See Offshore Rental Co.,* 22 Cal.3d at 166–167, 583 P.2d at 726, 148 Cal.Rptr. at 873.

Of the two available choices, New York's law more nearly resembles California's than does Pennsylvania's. Given the diffi-

culty of basing a choice on other criteria, a California court would probably opt for the New York rule for this reason. Therefore, this court will apply New York law.

As discussed above, defendant has not shown beyond any factual doubt that plaintiff cannot establish the elements of a private action under N.Y.Ins.Law § 40–d (McKinney Supp.1982). At this stage, this court cannot determine with certainty that plaintiff will not flesh out his sketchy allegations into a showing of proscribed business practices on the part of Fireman's Fund. Therefore, defendant's motion for summary judgment is, in the accompanying Order, denied.

### ORDER

For reasons stated in the accompanying Memorandum, defendant Fireman's Fund Insurance Company's motion for summary judgment is DENIED.