■ VANCE MOORE et al., Individually and on Behalf of All Those Similarly Situated, Respondents, v FULTON HOUSING AUTHORITY et al., Appellants.—Order, insofar as appealed from, unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: We modify to provide that unless plaintiffs add a current tenant within 30 days of entry of the order herein, the first cause of action (declaratory judgment) and the second cause of action (mandamus) will be dismissed, since plaintiffs,

who are no longer tenants of Pathfinder Courts, lack standing (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714). The "bad-faith" language in plaintiffs' fifth cause of action must be stricken, leaving intact the cause of action for breach of contract. Although plaintiffs allege that the "bad-faith" language was their way of asserting entitlement to punitive damages, plaintiffs' allegations do not rise to the level of bad faith required for recovery of punitive damages (see, Halpin v Prudential Ins. Co., 48 NY2d 906, 907, rearg denied 49 NY2d 801). Plaintiffs' ninth cause of action, alleging malicious prosecution, must be dismissed, as plaintiffs have not alleged resort to a provisional remedy which interfered with person or property (see, Lincoln First Bank v Siegel, 60 AD2d 270, 280-281). Plaintiffs' tenth cause of action, alleging infliction of mental duress, must be dismissed. It appears that plaintiffs are attempting to allege intentional infliction of emotional distress, and we find that plaintiffs' allegations do not rise to the necessary level of extreme and outrageous conduct (see, Freihofer v Hearst Corp., 65 NY2d 135, 143). Plaintiffs' eleventh cause of action, alleging breach of a fiduciary duty, is dismissed with leave to replead, as plaintiffs have not met the specificity requirements of CPLR 3016 (b) in pleading this cause of action. We have examined defendant's remaining arguments and find them to be without merit. (Appeal from order of Supreme Court, Oswego County, McLaughlin, J.— dismiss causes of action.) Present—Callahan, J. P., Doerr, Green, O'Donnell and Pine, JJ.