Fernando NUNEZ DE
VILLAVICENCIO,
Plaintiff,

v.

Howard F. CERNY, Defendant.

No. 83 Civ. 1378 (CMM).

United States District Court,
S.D. New York.

June 24, 1987.

Eduardo F. Lopez, New York City, for plaintiff.

Jay Solomon, New York City, for defendant.

METZNER, Senior District Judge:

This is a legal malpractice case. The jury has found for the plaintiff on the issue of common law malpractice pursuant to a directed verdict. It has also awarded plaintiff punitive damages in the sum of $300,000 on this claim. Finally, it has found for the defendant on plaintiff's claim that defendant violated Section 487 of the New York Judiciary Law.

The determination of whether damages should be awarded plaintiff on the claim for common law malpractice is for the court on the facts of this case.

Plaintiff was awarded $400,000 by a jury in a negligence case brought in the Supreme Court, New York County. The trial court granted a new trial only on the issue of damages if the plaintiff refused to accept $100,000 as a reduced award. Plaintiff retained defendant Cerny to prosecute an appeal from that judgment. The defendant inexcusably failed to timely perfect the appeal and the appeal was dismissed. Plaintiff then settled the lawsuit for $145,000.

Plaintiff brought this malpractice action claiming as damages $255,000, the difference between the $400,000 and the $145,000 he settled for, plus $4,150 paid by him to the defendant to defray the costs of the appeal.

In *Katsaris v. Scelsi*, 115 Misc.2d 115, 118, 453 N.Y.S.2d 994, 996–97 (Sup.Ct., Broome Co. 1982), the court, in a legal malpractice case, said that the judge "must determine what the appellate court would have done 'as an issue of law, based upon review of the transcript and record of the underlying action, the argument of counsel, and subject to the same rules of review as

should have been applied by the appellate courts'...."

In *Welty v. Brown,* 57 A.D.2d 1000, 1001, 394 N.Y.S.2d 310, 312 (App.Div. 3d Dept. 1977), the court set forth the scope of review by the appellate court where a remittitur has been ordered by the trial court:

"The trial court may, in its discretion, conditionally set aside a verdict if it deems the verdict to be excessive or inadequate.... This court will not disturb such a determination unless it is not reasonably grounded.... Each case must be assessed on its own peculiar facts and circumstances, since prior decisions usually involve somewhat different injuries and circumstances and are, therefore, of little value; but a jury's assessment of damages should not be disturbed unless it is so excessive or inadequate that it shocks the conscience of the court...." (Citations omitted.)

While the jury was deliberating the issues of fact in this case, the court heard arguments of counsel as if they were presenting their views to the state appellate court. The court also reviewed the record of the original trial. The trial court judge charged the jury that there was no claim for loss of earnings or for medical expenses. The only item of damage for it to consider was pain and suffering. With this being the sole basis for a monetary award, I find that there was a reasonable basis for the trial court ordering a remittitur.

Plaintiff is not entitled to compensatory damages on the common law claim. He is therefore not entitled to the punitive damages awarded by the jury in this trial, *Hubbell v. Trans World Life Ins. Co.,* 50 N.Y.2d 899, 430 N.Y.S.2d 589, 408 N.E.2d 918 (1980); *Bryce v. Wilde,* 39 A.D.2d 291, 293, 333 N.Y.S.2d 614 (App.Div. 3d Dept. 1972), and the verdict for this claim is set aside and the claim dismissed.

To complete the record, I state that if compensatory damages had been awarded plaintiff, I would have set aside the award of $300,000 for punitive damages as excessive, and ordered a new trial unless plaintiff agreed to accept $25,000.

Let judgment be entered accordingly. So ordered.