■ ELEANOR D. SOMERS, Respondent-Appellant, v BANKERS LIFE AND CASUALTY COMPANY OF NEW YORK, Individually and as Successor to GOTHAM LIFE INSURANCE COMPANY OF NEW YORK, Appellant-Respondent, and FRANK L. RYBAK, Respondent, et al., Defendant.—Weiss, J. Cross appeals from an order of the Supreme Court (Ford, J.), entered April 22, 1987 in Saratoga County, which, *inter alia,* denied defendant Bankers Life and Casualty Company of New York's motion for summary judgment dismissing the complaint against it and partially denied plaintiff's motion for summary judgment.

In 1979, defendant Bankers Life and Casualty Company of New York issued a $15,000 life insurance policy to Barney F. Stopera, with a double indemnity provision in the event of accidental death.* Plaintiff, who lived with Stopera, was named as beneficiary. On November 11, 1982, Stopera and plaintiff met with defendant Frank L. Rybak, a Bankers Life agent, to review their insurance coverage. Although the parties have presented conflicting versions of what transpired at the meeting, several documents were executed. The first, entitled "Application for Change or Conversion of Policy", purported to change Stopera's original policy into paid-up insurance. Stopera also signed an application for a $15,000 life insurance policy with plaintiff again designated as beneficiary. In this application, Stopera indicated "no" to the question of whether he had "[a]ny intention of replacing or changing any life/health or annuity policy in force in this or any other company". Plaintiff also applied for a $25,000 life insurance policy, with Stopera as the named beneficiary. Stopera gave Rybak a check apparently covering the initial premiums on the two new policies, which Bankers Life subsequently negotiated. In return, Rybak issued a conditional receipt to Stopera, which listed certain "conditions which must be satisfied before coverage is effective". Bankers Life's underwriters subsequently notified Rybak that certain disclosure requirements would have to be met since the application constituted replacement business *(see,* 11 NYCRR part 51). Rybak forwarded a blank disclosure statement to Stopera for his signature, but the latter died on December 16, 1982 due to injuries sustained in an automobile accident. The disclosure statement was never executed.

Thereafter, plaintiff made a claim for payment under both the 1979 and 1982 policies on Stopera's life. When Bankers

---

* The policy was actually issued by Bankers Life's predecessor in title, Gotham Life Insurance Company of New York.

Life refused payment, plaintiff commenced this action against, among others, Bankers Life and Rybak to recover the actual benefits under the two policies, compensatory damages and punitive damages. Bankers Life, in turn, counterclaimed seeking a declaration as to which policy was in effect. Ultimately, Supreme Court denied Bankers Life's motion for summary judgment dismissing the complaint, deemed the counterclaim for declaratory relief inappropriate, and granted plaintiff's cross motion for summary judgment for $30,000 on the first cause of action for the benefits under the 1979 policy. These cross appeals ensued.

Initially, we note that Bankers Life has paid plaintiff the full $30,000, plus interest and obtained a release on the first cause of action. Thus, this appeal concerns only the second and third causes of action, pertaining to the 1982 Stopera application for coverage and damages, respectively.

Bankers Life maintains that Stopera's 1982 application did not result in an enforceable policy since Rybak failed to comply with the disclosure regulations governing the issuance of replacement insurance. In an instance where replacement insurance is being offered, the agent must comply with the detailed disclosure provisions outlined in 11 NYCRR part 51 (see, Farley v Metropolitan Life Ins. Co., 127 AD2d 99, 102-103). These regulations are designed to protect the interests of the insured by requiring the disclosure of information necessary for an informed decision so as to reduce "the opportunity for misrepresentation and incomplete comparison in replacement situations" (11 NYCRR 51.1 [b]; see, Trainor v John Hancock Mut. Life Ins. Co., 54 NY2d 213, 216). Here, there is no doubt that Rybak failed to meet these disclosure requirements (see, 11 NYCRR 51.4).

Significantly, however, these regulations only pertain in an instance of replacement coverage. A critical, unresolved issue between the parties is whether the 1982 policy was intended as an addition to or a replacement of the 1979 policy. In her moving affidavit, plaintiff specifically averred that Rybak confirmed that the 1982 application was for a "new, additional $15,000 life insurance policy". Rybak refuted this assertion. Moreover, the documents executed at the November 11, 1982 meeting are inherently inconsistent, indicating both that the 1979 policy was to be converted into paid-up insurance (see, 11 NYCRR 51.2 [b] [2]) and that no change in existing coverage was intended. Thus, a very real question of fact exists as to the nature of the 1982 application. Even if we conclude that Stopera applied for replacement coverage, a factual question

remains as to the effect of Rybak's violation of the disclosure regulations (see, Farley v Metropolitan Life Ins. Co. supra, at 105). In either instance, summary judgment would be inappropriate.

Bankers Life further maintains that since it never actually accepted Stopera's 1982 application, an enforceable contract was never effectuated. This argument calls into question whether Bankers Life accepted Stopera's application in accord with the conditions listed in the conditional receipt provided by Rybak at the November 11, 1982 meeting. The fact that a life insurance policy was never physically delivered to Stopera is not determinative (see, 29 NY Jur, Insurance, § 569, at 557 [1963]). Specifically, Bankers Life argues that it never approved Stopera as a standard insurable risk, a condition of coverage expressly listed in the Rybak receipt. Plaintiff, however, points to a notation in Bankers Life's records indicating that Stopera was a standard risk and the acknowledgment in Bankers Life's answer "[t]hat on December 16, 1982, replacement policy No. 610945 was issued". The notation, by itself, is certainly not conclusive (see, Goldberg v Colonial Life Ins. Co., 284 App Div 678, 680, appeal dismissed 308 NY 958; 29 NY Jur, Insurance, § 550, at 539 [1963]). The record further confirms that Bankers Life made repeated efforts to obtain disclosure documentation prior to approval which, as indicated, was never produced. The emergence of an enforceable insurance contract necessitates acceptance by the insurance company and communication of the acceptance to the applicant (see, Goldberg v Colonial Life Ins. Co., supra, at 679-680; Corning v Prudential Ins. Co., 248 App Div 187, 189, affd 273 NY 668; 29 NY Jur, Insurance, §§ 549, 550, at 538-539 [1963]). Here, a genuine question of fact exists as to acceptance, which precludes a summary resolution of the dispute. Accordingly, Supreme Court properly refused to dismiss the second cause of action.

Finally, plaintiff's third cause of action seeking compensatory and punitive damages should have been dismissed. Generally, " 'punitive damages are not available for an isolated transaction such as the breach of an insurance contract' " (Salka v Lumbermens Mut. Cas. Co., 127 AD2d 333, 335, quoting Monroe v Providence Wash. Ins. Co., 126 AD2d 929, 930), unless the carrier's conduct was "so morally reprehensible as to justify the imposition of punitive damages" (supra, at 337). Evidence of either reprehensible conduct or that Bankers Life acted in complicity with Rybak is absent (see, Loughry v Lincoln First Bank, 67 NY2d 369, 378). Nor has plaintiff

specified the particular damages required to support a claim for compensatory damages (see, Topiwala v New York Life Ins. Co., 95 AD2d 746, 747, appeal dismissed 60 NY2d 859). Moreover, damages for breach of an insurance policy contract are generally limited to the coverage expressed in such policy (see, Halpin v Prudential Ins. Co., 48 NY2d 906, 908; Topiwala v New York Life Ins. Co., supra, at 747).

Order modified, on the law, without costs, by reversing so much thereof as denied that part of defendant Bankers Life and Casualty Company of New York's motion for summary judgment dismissing the third cause of action; motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.