■ REIN MONROE ASSOCIATES, Appellant-Respondent, v ROYAL INSURANCE COMPANY OF AMERICA et al., Respondents-Appellants.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Supreme Court erred in failing to dismiss plaintiff's fourth and fifth causes of action. Plaintiff's fourth cause of action seeks damages premised on alleged violations of Insurance Law § 2601, and its fifth cause of action seeks damages on a common-law theory of bad faith premised on the unfair claim settlement practices. Because Insurance Law § 2601 does not create a private right of action, the fourth cause of action should have been dismissed (see, Royal Globe Ins. Co. v Chock Full O'Nuts Corp., 86 AD2d 315, 316, lv

*dismissed* 58 NY2d 605, 800; *see also, Telemaque v New York Prop. Ins. Underwriting Assn.,* 162 AD2d 444; *Dano v Royal Globe Ins. Co.,* 89 AD2d 817, 818, *affd* 59 NY2d 827). Moreover, both the fourth and fifth causes of action should have been dismissed because plaintiff failed to offer any proof to demonstrate a pattern of bad faith or unfair practices *(see, Dano v Royal Globe Ins. Co.,* 59 NY2d 827; *Hubbell v Trans World Life Ins. Co.,* 50 NY2d 899; *Halpin v Prudential Ins. Co.,* 48 NY2d 906; *Belco Petroleum Corp. v AIG Oil Rig,* 164 AD2d 583; *M.S.R. Assocs. v Consolidated Mut. Ins. Co.,* 58 AD2d 858).

We have examined the other issues raised on appeal and find them to be without merit. (Appeals from Order of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present—Callahan, J. P., Denman, Boomer, Balio and Lowery, JJ.