■ JOAN DiBONO, Respondent, v WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, Appellant. [611 NYS2d 592] —In an action to recover the proceeds of a life insurance policy, the defendant appeals from a judgment of the Supreme Court, Nassau County (Brucia, J.), entered June 10, 1992, which, upon an order of the same court, dated December 12, 1991, granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against it in the principal sum of $1,000,000.

Ordered that the judgment is affirmed, with costs.

At issue here is whether the appellant owes the plaintiff an additional $1,000,000 under a life insurance policy. The appellant paid the plaintiff $1,000,000, and contended that that satisfied its obligation to her under the insurance policy. The plaintiff brought the instant action to recover the remaining $1,000,000 allegedly owed.

The policy in question was a flexible premium adjustable life insurance policy. Under the terms of the policy, the plaintiff's decedent could request a decrease in the specified amount of the policy, provided that the request was in writing, was filed at the appellant insurance company's home office, and was in a form acceptable to the appellant. The appellant's approval was required before a decrease in the specified amount was effective. By letter dated September 20, 1990, the decedent requested a decrease in the specified amount of coverage from $2,000,000 to $1,000,000, and one of the appellant's customer service representatives wrote back to the decedent, enclosing a policy change application form which had to be signed by the decedent and returned within 20 days. The policy change application was never signed nor returned, and the decedent died on October 4, 1990, within the 20-day period.

An insurance company must notify the insured of accep-

tance of the request for a change in the policy *(see, Goldberg v Colonial Life Ins. Co.,* 284 App Div 678, 679-680). Here, the appellant insurance company merely notified the decedent that it had received his request and informed him that more action was required before his request would be approved. The appellant never notified him that his request was accepted and approved. The Supreme Court properly granted the plaintiff's motion for summary judgment, as the appellant failed to demonstrate the existence of a material issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 560).

The appellant's remaining contention has been examined and is without merit. Sullivan, J. P., O'Brien, Santucci and Hart, JJ., concur.