■ Ruth Choczner, Appellant, v William Penn Life Insurance Company of New York, Respondent. [623 NYS2d 597] —In

an action to recover the proceeds of a life insurance policy, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), entered October 19, 1992, as, upon denying her motion for summary judgment, dismissed her second cause of action.

Ordered that the order is modified by adding a provision thereto granting summary judgment to the defendant dismissing the plaintiff's first cause of action, and the complaint is dismissed; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

The regulations governing "Replacement of Life Insurance Policies" (11 NYCRR part 51) apply

"[w]hen new life insurance is to be purchased which is to be delivered or issued for delivery in New York and it is known to the department licensee that, *as part of the transaction existing* life insurance has been or is likely to be:

"(1) Lapsed or surrendered; [or]

"(2) Converted into paid up insurance, continued as extended term insurance or under another form of nonforfeiture benefit" (11 NYCRR 51.2 [b] [emphasis supplied]). Under such circumstances, the new insurance company must ensure that its agent supplies the policyholder with a disclosure statement comparing the old policy with the new policy and pointing out, for example, that the incontestability and suicide clauses start anew with the new contract (11 NYCRR 51.4 [d]). Any failure by a company or its agent to adhere to these regulations may estop the insurer from denying payment, even if the insured has made a material misrepresentation in his application.

The insured in the case at bar, the late Mr. Rony Choczner (hereinafter the decedent), allegedly filled out an application on December 12, 1986, purportedly to replace a policy issued by U.S. Life Insurance Company in the City of New York (hereinafter U.S. Life) with a new policy issued by the defendant William Penn Life Insurance Company of New York. It is not disputed that the insurance agent did not supply the decedent with the disclosure statement required by 11 NYCRR part 51 upon processing his application for "replacement" insurance with the defendant.

The Supreme Court properly dismissed the plaintiff's second cause of action on the ground that the regulations relating to the replacement of life insurance did not apply to this case. The plaintiff does not dispute that the decedent had allowed

his U.S. Life policy to lapse without value for nonpayment of premiums on June 28, 1986, some six months before he submitted the instant application for a policy with the defendant. In consequence, the decedent's U.S. Life policy did not "exist" at the time that he applied for coverage with the defendant, and his discontinuation of the prior policy was not "part of the transaction" with the defendant. In addition, the complaint does not allege that either the defendant or the insurance agent "induced the decedent to discontinue the prior policy" for the purpose of replacing it with a policy issued by the defendant, and no funds from the U.S. Life policy, which had lapsed without value, were used to purchase coverage from the defendant (cf., e.g., Trainor v John Hancock Mut. Life Ins. Co., 54 NY2d 213; Somers v Bankers Life & Cas. Co., 142 AD2d 780; Farley v Metropolitan Life Ins. Co., 127 AD2d 99; Tannenbaum v Provident Mut. Life Ins. Co., 53 AD2d 86, affd 41 NY2d 1087). Accordingly, because the defendant's policy did not replace any other existing coverage, the replacement regulations do not apply.

The replacement regulations are also inapplicable because the decedent's employer was identified on the application as the owner of the policy and the recipient of all of the premium statements (11 NYCRR 51.3 [a] [2] [ii]), and because the policy was not to be "delivered * * * in New York" (11 NYCRR 51.2 [b]). The uncontroverted evidence establishes that the decedent, in fact, resided in Israel, notwithstanding the New York address on his application.

Finally, upon searching the record, we find that summary judgment should have been granted to the defendant dismissing the first cause of action (see, e.g., Grimaldi v Pagan, 135 AD2d 496; DeBrossard v Van Norden, 113 AD2d 123, 127; Garson v Garson, 105 AD2d 726, 729-730, affd 66 NY2d 928). The plaintiff, herself, established that the decedent could not have filled out the application for insurance with the defendant, as he was in Israel, on the day that it was executed in New York. Indeed, the plaintiff's own handwriting expert averred that the decedent's purported entries and signatures on the application were forged by an employee of the insurance agent. Therefore, since the application fails to comply with Insurance Law § 3205 (c), no valid contract of insurance ever came into existence, and the complaint should be dismissed in its entirety. Pizzuto, J. P., Santucci, Friedmann and Krausman, JJ., concur.