■ Marc Jonas et al., Respondents, v New York Central Mutual Fire Insurance Company, Appellant. [665 NYS2d 189] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint dismissed and cross motion denied. Memorandum: Supreme Court should have granted in its entirety defendant's motion for summary judgment dismissing the complaint. On November 24, 1989, Donna Jonas (plaintiff) was driving a vehicle in which her two children and her in-laws were passengers. Plaintiff's vehicle collided with a vehicle driven by a third party, who was not insured. Plaintiff's vehicle was insured by defendant with liability limits of $300,000 and uninsured motorist coverage limits of $100,000.

The passengers in plaintiff's vehicle filed claims with defendant for injuries that they sustained as a result of the accident. Plaintiff filed a claim with defendant under the uninsured motorist provisions of the policy. In investigating the accident, defendant's agents reviewed the police report and interviewed witnesses, including an individual who was in the vehicle directly behind the vehicle driven by the third party. That witness substantiated the third party's account that the traffic light facing the third party was green when the third party entered the intersection where the accident occurred. Based on that information, defendant determined that plaintiff's

negligence was the cause of the accident and denied plaintiff's claim for uninsured motorist benefits. The passengers in plaintiff's vehicle commenced an action against plaintiff, asserting that her negligence caused the accident and their injuries. Defendant provided a defense for plaintiff and ultimately settled that action for $195,000. At the same time, plaintiff demanded arbitration of defendant's denial of her uninsured motorist claim. After a hearing, the arbitrator awarded plaintiff $68,817.95 on her uninsured motorist claim. Plaintiffs then executed a release with respect to any and all claims for injuries sustained by plaintiffs relating to plaintiff's claim for uninsured motorist benefits under the insurance policy.

Plaintiffs thereafter commenced this action, asserting causes of action for breach of contract and negligence. Plaintiffs state in the complaint that defendant "breached its contract with the plaintiffs, more specifically its implied duty of good faith dealing, when it arbitrarily and capriciously determined" that plaintiff was at fault in the accident. Defendant moved for summary judgment, and plaintiffs cross-moved to amend the complaint to add causes of action for prima facie tort and a violation of General Business Law § 349 (a). The court granted defendant's motion to the extent of dismissing the negligence cause of action and granted plaintiffs' cross motion. The court should have granted defendant's motion in its entirety and denied plaintiffs' cross motion.

To sustain a cause of action based on the breach of an insurer's implied duty of good faith, the insured must present proof that the insurer's conduct was in gross disregard of the insured's interests (*see, Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445, 452-454, *rearg denied* 83 NY2d 779; *Dano v Royal Globe Ins. Co.*, 59 NY2d 827, 829-830; *see also, Gordon v Nationwide Mut. Ins. Co.*, 30 NY2d 427, 437, *rearg denied* 31 NY2d 709, *cert denied* 410 US 931; *Sukup v State of New York*, 19 NY2d 519, 522, *rearg denied* 20 NY2d 758; *Rein Monroe Assocs. v Royal Ins. Co.*, 175 AD2d 582, 583).

Defendant established that plaintiffs failed to meet that burden, and plaintiffs failed to raise an issue of fact in response. In support of its motion, defendant established that, following its investigation of the accident, it concluded that plaintiff was at fault, and defendant thereafter settled a lawsuit against plaintiff arising from the accident. Defendant thereby established that it did not act in gross disregard of the rights of plaintiff in denying her uninsured motorist claim, and thus the cause of action for breach of the implied contractual duty of good faith must be dismissed.

Because the proposed additional causes of action manifestly lack merit, the court also erred in granting plaintiffs' cross motion to amend the complaint (*see, Washburn v Citibank*, 190 AD2d 1057; *Mathiesen v Mead*, 168 AD2d 736, 737). The elements of prima facie tort are: "(1) intentional infliction of harm, (2) resulting in special damages, (3) without excuse or justification, and (4) by an act or series of acts that would otherwise be lawful" (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 332). The evidence establishes that defendant did not intentionally inflict harm upon plaintiff without justification or excuse. Because defendant did not breach its implied contractual duty of good faith, plaintiffs' proposed cause of action under General Business Law § 349 (h) also cannot be sustained.

We therefore reverse the order insofar as appealed from, grant defendant's motion for summary judgment in its entirety and dismiss the complaint, and deny plaintiffs' cross motion. (Appeal from Order of Supreme Court, Oneida County, Murad, J.—Summary Judgment.) Present—Green, J. P., Lawton, Hayes, Callahan and Fallon, JJ.