■ RICHARD J. MCHUGH, JR., Appellant, v GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Respondent, et al., Defendants. [716 NYS2d 178] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover the proceeds of a disability insurance policy issued by The Guardian Life Insurance Company of America (defendant), and defendant counterclaimed for judgment declaring the policy to be rescinded. Defendant disclaimed coverage on the ground that plaintiff made material misrepresentations concerning the duties of his job and his medical history in his application for insurance. Plaintiff alleged that he submitted a

signed application for insurance, dated August 26, 1994, to defendant. The application attached to the policy, however, was dated April 3, 1995. Plaintiff admitted that the application attached to the policy contained the same information concerning his job duties and medical history as the prior application, but alleged that his signature on that application was forged by a representative of defendant.

Supreme Court properly granted defendant's motion for summary judgment dismissing the amended complaint and declaring the disability policy to be rescinded on the ground of material misrepresentations. Because plaintiff alleges that he did not sign the application attached to the policy, the application fails to comply with Insurance Law § 3205 (c), and no valid contract of insurance ever came into existence (*see, Choczner v William Penn Life Ins. Co.*, 212 AD2d 750, 752, *lv denied* 86 NY2d 709). Even if we were to agree with plaintiff that his August 1994 application satisfies the requirements of Insurance Law § 3205 (c), we would nevertheless conclude that defendant could properly disclaim coverage based upon the material misrepresentations contained in that application concerning plaintiff's job duties and medical history. The record establishes that defendant satisfied its burden of establishing the materiality of the misrepresentations in the application for disability insurance sufficiently to warrant the court as a matter of law in directing judgment in its favor (*see*, Insurance Law § 3105; *cf., Cutrone v American Gen. Life Ins. Co.*, 199 AD2d 1032, 1033). (Appeal from Judgment of Supreme Court, Wyoming County, Rath, Jr., J.—Declaratory Judgment.) Present—Pigott, Jr., P. J., Pine, Hayes, Wisner and Kehoe, JJ.