■ ROBERT J. KAPLOWITZ, Appellant, v CONNECTICUT GENERAL LIFE INSURANCE COMPANY et al., Respondents. [916 NYS2d 129]—

In an action, inter alia, for a judgment declaring that a certain disability insurance policy provided for lifetime disability benefits, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered October 2, 2009, as amended by an order of the same court dated November 9, 2009, which granted the defendants' motion for summary judgment dismissing the second, third, fourth, and fifth causes of action and, in effect, declaring that the policy does not provide the plaintiff with lifetime disability benefits.

Ordered that the order, as amended, is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the subject policy does not provide the plaintiff with lifetime disability benefits.

In March 1991 the defendant Connecticut General Life Insurance Company (hereinafter Connecticut General) issued a disability insurance policy which would provide disability benefits to the plaintiff, if he became disabled, until he reached the age of 65. In October 1992 the plaintiff submitted a supplementary application to add a lifetime benefit to his policy. Along with his application, the plaintiff wrote a check to Cigna, the parent company of Connecticut General, in the amount of $962.57, to cover the cost of the additional benefit. In November 1992 Cigna declined the plaintiff's application and issued a refund check to the plaintiff in the amount of $962.57. The plaintiff cashed the refund check.

The plaintiff became disabled in August 1993, and began receiving disability benefits under the policy. In 2008 the plaintiff reached the age of 65, and the defendants ceased pay-

ing disability benefits. The plaintiff commenced this action seeking, inter alia, a judgment declaring that the policy entitled him to lifetime benefits.

The creation of an enforceable contract of insurance requires acceptance by the insurance company and communication of that acceptance to the applicant (see *Mendel v United States Life Ins. Co. in City of N.Y.*, 248 AD2d 873, 874-875 [1998]; *DiBono v Penn Life Ins. Co. of N.Y.*, 204 AD2d 258, 258-259 [1994]; *Somers v Bankers Life & Cas. Co. of N.Y.*, 142 AD2d 780, 782 [1988]; *Goldberg v Colonial Life Ins. Co. of Am.*, 284 App Div 678, 679-680 [1954]).

The defendants established their prima facie entitlement to judgment as a matter of law by submitting proof that the plaintiff's disability insurance policy provided disability benefits only until he reached the age of 65, and that the plaintiff's application for lifetime benefits had been rejected (see *Goldberg v Colonial Life Ins. Co. of Am.*, 284 AD2d at 680-681). In opposition, the plaintiff failed to raise a triable issue of fact (see *Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment.

In light of the foregoing, we need not reach the plaintiff's remaining contentions.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the policy does not provide the plaintiff with lifetime disability benefits (see *Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Covello, J.P., Eng, Chambers and Hall, JJ., concur.