■ BUTTIGNOL CONSTRUCTION Co., INC., Respondent, v. ALLSTATE INSURANCE COMPANY, Appellant.— In an action: (1) on a fire insurance policy issued to plaintiff by defendant, to recover the amount of a fire loss allegedly sustained by the plaintiff (first cause of action); and (2) to recover compensatory and punitive damages based on defendant's alleged fraud and deceit in making false representations as to its insurance policies (second cause of action), the defendant appeals from the following two orders of the Supreme Court, Westchester County: (a) an order, dated February 7, 1964, which granted plaintiff's motion for partial summary judgment on the first cause of action and directed an assessment of the damages and the entry of judgment for the amount thus fixed together with interest thereon from January 30, 1963 — the date of the fire; and (b) an order, dated February 27, 1964, which denied the defendant's cross motion for summary judgment dismissing the amended complaint. Order of February 7, 1964 modified by amending its third decretal paragraph so as to direct that interset upon the amount fixed as damages upon the assessment be computed from September 23, 1963, instead of from January 30, 1963. As so modified, order affirmed, without costs. Order of February 27, 1964 modified: (a) by amending its decretal paragraph so as to direct that defendant's cross motion for summary judgment is granted as to the second cause of action and denied as to the first cause of action; and (b) by adding a decretal paragraph severing the second cause of action and dismissing it. As so modified, order affirmed, without costs. In our opinion, interest should be computed from the date defendant may be deemed to have breached its contract of insurance. Upon the facts in this case, we find that date to be September 23, 1963 — the date on which the appraisal award was made. We are further of the opinion that the plaintiff, in its opposition to the defendant's cross motion for summary judgment (insofar as it related to the second cause of action), failed to present any facts from which it could be said that the defendant, in its dealings with the general public, had engaged in a fraudulent scheme evincing such "a high degree of moral turpitude and * * * such wanton dishonesty as to imply a criminal indifference to civil obligations" (*Walker* v. *Sheldon*, 10 N Y 2d 401, 405). Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.