■ DAVID MERRICK, Respondent, v FOUR STAR STAGE LIGHTING, INC., et al., Appellants.—Order, Supreme Court, New York County, entered on August 3, 1977, denying defendants' motion for summary judgment to dismiss plaintiffs' causes of action for lost profits, the profits secured by defendants during the period of the alleged conversion and punitive damages is unanimously modified, on the law, without costs and without disbursements, to strike paragraphs 7 and 11 of the complaint which refer to punitive damages, and is otherwise affirmed. The parties are directed to apply to the Administrative Judge for assignment of this case to one Judge for all purposes. The parties may then apply to that Judge, if so advised, for

appropriate relief including all disclosure proceedings and a prior trial on the issue of liability. Plaintiff here sets forth four causes of action for (a) replevin (which was not made a part of the summary judgment motion); (b) damages for conversion; (c) damages for loss of use and rental value of the property; (d) punitive damages. The Court of Appeals in *Garrity v Lyle Stuart, Inc.* (40 NY2d 354, 358) restated the general principle that "It has always been held that punitive damages are not available for mere breach of contract, for in such a case only a private wrong, and not a public right, is involved". There has been no showing that the wrongdoing was of a continuous and systematic nature, and aimed at the public generally. Punitive damages are allowed where the wrong is aggravated by evil motives, in order to punish the wrongdoer for his misconduct and furnish a wholesome example *(Krug v Pitass,* 162 NY 154). This lawsuit between the parties, has a varied and acrimonious history, having been before this court on two prior occasions. It was before us when Merrick sought seizure of the lighting equipment in issue (50 AD2d 335), and it was before us again when this court stayed defendants' action against Merrick for abuse of process, libel, etc. (56 AD2d 767). In view of the convoluted course this lawsuit has followed, and the apparently extensive nature of the disclosure on which the parties are embarked, it appears to us that the best interests of the parties would be served and substantial judicial time and energy would be conserved if this lawsuit were assigned to a single Judge for all purposes. Concur—Lupiano, J. P., Birns, Silverman and Evans, JJ.