OPINION OF THE COURT
Frank R Bayger, J.
This is an action upon a standard fire insurance policy to recover the amount of an April 18, 1978 fire loss. The defendant insurer was promptly notified of the loss and its investigation was thereafter completed, with the insured’s co-operation, on or about October 23, 1978. Payment was withheld, however, and suit was thereafter commenced in timely fashion under the terms of the policy. That policy provided, in standard form, that a loss was payable by the defendant within 60 days after the company’s receipt of the insured’s sworn proof of loss. No proof of loss was ever filed by the plaintiff, however, nor demanded by the defendant (cf. Insurance Law, § 172, subd 1), prior to the trial of this action. Upon trial the defendant sought to establish a defense of arson but the jury returned a verdict in favor of the plaintiff and a question has now been raised as to the plaintiff’s entitlement to interest on that award.
A fire insurance policy is nothing more than a contract by the insurer to indemnify the insured against property loss (Dyno-Bite v Travelers Cos., 80 AD2d 471, 473). Interest on the amount of a loss is to be computed from the time *835 when the insurer may be deemed to have breached that contractual obligation (Buttignol Constr. Co. v Allstate Ins. Co., 22 AD2d 689, affd 17 NY2d 476). In the usual case, a loss is payable by the insurer 60 days after its receipt of the insured’s proof of loss (Insurance Law, § 168, subd 5, lines 150-153). The filing of a proof of loss is a condition precedent to the insurer’s promised indemnification (Lentini Bros. Moving & Stor. Co. vNew York Prop. Ins. Underwriters Assn., 76 AD2d 759, affd 53 NY2d 835; Dyno-Bite v Travelers Cos., supra; Do-Re Knit v National Union Fire Ins. Co., 491 F Supp 1334). Absent a proof of loss, the insurer is under no contractual obligation to indemnify the insured and a mere failure to do so, as contrasted to an explicit denial of liability, does not constitute a breach of the insurance agreement (see Beckley v Otsego County Farmers Coop. Fire Ins. Co., 3 AD2d 190).
It is provided by statute, however, that an insured’s failure to file a proof of loss as required by the insurance contract (Insurance Law, § 168, subd 5, lines 90-101), shall not invalidate or diminish his claim under the policy unless the insurer, after the occurrence of the loss, gives the insured written notice that it desires such a proof of loss (Insurance Law, § 172, subd 1). No such demand was ever made in this case and the plaintiff was therefore entitled to prosecute this action and to recover the amount of its loss in spite of the fact that a proof of loss was never filed as required by the insurance policy (compare Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriters Assn., supra; Do-Re Knit v National Union Fire Ins. Co., supra). Under those circumstances the defendant must be deemed to have breached the parties’ agreement as of the date of service of its answer wherein it denied any liability under the policy on the grounds that the loss was caused by the plaintiff’s own act of arson (see Beckley v Otsego County Farmers Coop. Fire Ins. Co., supra). The jury having found that denial to have been unjustified, interest on the amount of the plaintiff’s loss shall be computed from that date.