(May 22, 1986)

■ TOBIN B. JACOBSON, Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant.—Order,

Supreme Court, New York County (Harold Baer, Jr., J.), entered September 4, 1985, which, *inter alia,* (1) conditionally granted the defendant's motion to dismiss the fourth and fifth causes of action, and (2) granted plaintiff leave to amend the complaint, so as to incorporate into the first cause of action the claims made in the dismissed fourth and fifth causes of action, is unanimously modified, on the law and on the facts, only to the extent of: (1) granting the defendant's motion to unconditionally dismiss the fourth and fifth causes of action, and (2) denying the plaintiff leave to amend the complaint, so as to incorporate into the first cause of action the claims made in the dismissed fourth and fifth causes of action, and otherwise affirmed, with costs.

During 1983 defendant issued a fire insurance policy, in the amount of $100,000, to the plaintiff, and this policy provided coverage for a building owned by the plaintiff, which was located in Queens County. Within the period of coverage, on February 14, 1984, the plaintiff's building was damaged by fire. Thereafter, the plaintiff made a claim for benefits under the policy, and, after investigation, defendant rejected that claim, upon several grounds, including alleged violation of the policy provisions pertaining to concealment and fraud.

In response to this denial of his claim, plaintiff commenced the instant action. The complaint contains five causes of action. Causes of action one, two and three allege breach of contract, improper disclaimer and failure to negotiate in good faith, respectively, while causes of action four and five seek exemplary and/or punitive damages and legal expenses and disbursements, respectively. Prior to answering, defendant moved, pursuant to CPLR 3211 (a) (7), to dismiss the second through the fifth causes of action for failure to state a cause of action.

Special Term, in substance, granted defendant's motion to the extent of: (1) unconditionally dismissing causes of action two and three, and (2) conditionally dismissing causes of action four and five, in that Special Term granted plaintiff "leave to amend the complaint solely to incorporate the fourth and fifth causes of action into the first cause of action".

Defendant appeals only from so much of Special Term's order as conditionally dismissed the fourth and fifth causes of action.

After our review of the record, we find Special Term erred.

In order to meet the pleading requirements of stating a cause of action for a claim for punitive damages, the pleader

must assert "not an isolated transaction incident to an otherwise legitimate business, but a gross and wanton fraud upon the public" *(Walker v Sheldon,* 10 NY2d 401, 406 [1961]). Therefore, "[a]llegations of breach of an insurance contract, even a breach committed willfully and without justification, are insufficient to authorize recovery of punitive damages" *(Catalogue Serv. v Insurance Co.,* 74 AD2d 837, 838 [1980]), unless such allegations support a conclusion that a fraud "upon the public" at large has been involved. We stated in *Holoness Realty Corp. v New York Prop. Ins. Underwriting Assn.* (75 AD2d 569, 570 [1st Dept 1980]) that: "A claim for punitive damages against an insurer is cognizable in New York only in circumstances where a plaintiff has made sufficient evidentiary allegations of ultimate facts of a fraudulent and deceitful scheme in dealing with the general public as to imply a criminal indifference to civil obligations".

When we apply the foregoing legal principles, discussed *supra,* to the plaintiff's allegations for punitive damages, we find that the plaintiff has not satisfied his pleading burden, in view of the fact that he has not specifically set forth the required evidentiary allegations that indicate "fraudulent, criminal or dishonest acts by the insurer concerning or affecting the general public" *(Cook v Hartford Fire Ins. Co.,* 97 AD2d 731 [1st Dept 1983]).

We have repeatedly held that when a claim for legal expenses is part of a claim for punitive damages, and the claim for punitive damages is found not viable, then "[a]ttorneys' fees are inappropriate in the absence of a valid claim for punitive damages" *(Royal Globe Ins. Co. v Chock Full O'Nuts Corp.,* 86 AD2d 315, 321 [1st Dept 1982]; *see also, Brook Shopping Centers v Bass,* 107 AD2d 615 [1st Dept 1985]).

Accordingly, we modify Special Term's order to the extent of: (1) granting the defendant's motion to unconditionally dismiss the fourth and fifth causes of action, and (2) denying the plaintiff leave to amend the complaint, so as to incorporate into the first cause of action the claims made in the dismissed fourth and fifth causes of action. Concur—Murphy, P. J., Kupferman, Ross, Rosenberger and Wallach, JJ.