**Everett PURDY, Plaintiff,**

v.

**CONSUMERS DISTRIBUTING COMPANY, LTD., Defendant.**

**No. 86 Civ. 3442 (MGC).**

United States District Court,
S.D. New York.

Dec. 4, 1986.

Farris, Warfield & Kanaday by H. Naill Falls, Jr., Nashville, Tenn., for plaintiff.

Hess, Segal, Guterman, Pelz, Steiner & Barovick by Michael P. Zweig, New York City, for defendant.

CEDARBAUM, District Judge.

This is a suit for breach of an employment contract for which plaintiff seeks both compensatory and punitive damages. Defendant has moved to dismiss that portion of the complaint which asserts a claim for punitive damages. Because plaintiff has failed to allege the type of conduct by defendant that would warrant the imposition of punitive damages under New York law, defendant's motion is granted.

*Background*

In December 1984, Everett Purdy ("Purdy") was hired by Consumers Distributing Co. ("Consumers") as president of its U.S. Division. Purdy and Consumers entered into a five-year employment agreement ("Agreement") that provided for an automatic extension of two years, and for one-year extensions thereafter "unless terminated by either party on at least one (1) year's notice given prior to the end of the Initial [5 year] Term...." The Agreement expressly granted Consumers the right to terminate Purdy for "cause," during the first five-year term. The Agreement provided, in pertinent part, that "cause" shall mean:

---

the wilful engaging of the Employee in a course of misconduct which, in the good faith opinion of the Board of Directors of the Employer, is materially harmful to the Employer and which continues for a period of more than ten (10) days after detailed written notice by the employer to the Employee of the acts constituting such misconduct....

Para. 2.02(b)(ii).

The Agreement also provided that:

In the event that it is subsequently determined by a court of proper jurisdiction that Cause did not exist:

(i) the Employer shall pay the Employee an agreed severance in lieu of any and all other monies or damages payable as a consequence of such termination, of an amount equal to two (2) years Base Salary; and

(ii) the prohibition regarding competition set forth in subparagraph 2.06 hereof shall be null and void and shall be of no further force and effect.

Para. 2.04(b).

On March 5, 1986, defendant sent notice to Purdy, pursuant to subparagraph 2.02(b)(ii) of the Agreement, alleging that he had engaged in numerous acts of "misconduct materially harmful to Consumers" and requiring that "such acts of misconduct cease on or before March 17, 1986." Purdy responded by letter dated March 11, 1986, disagreeing with the allegations in Consumers' March 5th letter. Purdy also indicated his willingness "to attempt to resolve any differences between us." Plaintiff alleges that he received no response to his letter and that, instead, he received a copy of a Resolution of the Board of Directors of Consumers, dated March 17, 1986, terminating his employment with Consumers.

On April 30, 1986, Purdy instituted the present action, claiming that defendant terminated him in bad faith without cause and in violation of the terms of the Agreement. Plaintiff seeks to recover punitive damages as well as compensatory damages.

*Discussion*

Since jurisdiction is based on diversity of citizenship, plaintiff's right to punitive damages is determined under New York law. *Whitney v. Citibank, N.A.,* 782 F.2d 1106, 1118 (2d Cir.1986). Defendant's motion to dismiss is grounded on its contention that, under New York law, absent an allegation of fraud against the public, punitive damages cannot be recovered in a breach of contract action. *Halpin v. Prudential Ins. Co. of America,* 48 N.Y.2d 906, 425 N.Y.S.2d 48, 401 N.E.2d 171 (1979); *Jacobson v. New York Property Ins. Underwriting Assoc.,* 120 A.D.2d 433, 501 N.Y.S.2d 882, 884 (1st Dep't 1986).

The standard for determining the availability of punitive damages is set forth in *Samovar of Russia Jewelry Antique Corp. v. Generali,* 102 A.D.2d 279, 476 N.Y.S.2d 869 (1st Dep't 1984). In that case, the plaintiff sued to recover proceeds due under a theft insurance policy and sought punitive damages on the ground that the insurer had denied coverage in a manner calculated to prevent lawful redress and which constituted "wilful, malicious and fraudulent breach of contract." The defendant's motion to dismiss the punitive damages claim was granted on the ground that the complaint did not allege "fraudulent, criminal or dishonest acts by the insurer concerning or affecting the general public...." *Id.* at 873. Citing *Halpin v. Prudential Ins. Co.,* the court stated:

We have consistently adhered to the standard of *Walker v. Sheldon, supra,* in rejecting claims for punitive damages unless there is a showing of wanton dishonesty as to imply a criminal indifference to civil obligations—morally culpable conduct directed at the general public, a public as opposed to a mere private wrong.

*Id.* at 872.

This standard has been recognized by federal courts. In *Durham Industries, Inc. v. North River Ins. Co.,* 673 F.2d 37 (2d Cir.1982), *cert. denied,* 457 U.S. 1136, 103 S.Ct. 61, 74 L.Ed.2d 64 (1982), the Sec-

ond Circuit held that "under New York law, punitive damages may not be awarded in breach of contract cases, which involve a private wrong and where no public rights are involved." *Id.* at 41.

In *Eccobay Sportswear, Inc. v. Providence Washington Ins. Co.,* 585 F.Supp. 1343 (S.D.N.Y.1984), Judge Weinfeld held that punitive damages were not recoverable from an insurer for its bad faith delay in payment of claims. He noted that "what must be asserted and proved to sustain a prayer for punitive damages is 'not an isolated transaction incident to an otherwise legitimate business, but a gross and wanton fraud upon the public.'" *Id.* at 1344, quoting *Walker v. Sheldon,* 10 N.Y.2d at 406.

Plaintiff argues that punitive damages are available under New York law even without an allegation of public harm. Most of the decisions on which plaintiff relies were not in breach of contract cases, however, and defendant contends that the standard is different in contract cases. In *Borkowski v. Borkowski,* 39 N.Y.2d 982, 387 N.Y.S.2d 233, 355 N.E.2d 287 (1976), in a memorandum decision, the court noted that punitive damages could be recovered in a fraud action without showing public harm, if the proof establishes "gross, wanton or willful fraud or other morally culpable conduct." 387 N.Y.S.2d at 233. Consumers distinguishes *Borkowski* on the ground that it was a fraud case and, as has been noted in later cases, an action to set aside a fraudulent conveyance is a "far cry from an action for breach of contract." *Samovar of Russia Jewelry Antique Corp. v. Generali,* 102 A.D.2d 279, 476 N.Y.S.2d at 873, quoting *Royal Globe Ins. Co. v. Chock Full O'Nuts Corp.,* 86 A.D.2d 315 at 320, 449 N.Y.S.2d 315 (1st Dep't 1982).

In *Whitney v. Citibank,* 782 F.2d 1106 (2d Cir.1986), the court upheld a punitive damage award of $1.5 million against Citibank because of Citibank's inducement of and participation in one partner's breach of its fiduciary duty to its co-partner. Citing *Borkowski, supra,* the court held that proof of acts aimed at the public was not required, and noted that punitive damages are appropriate where the defendant's conduct "amounts to such gross, wanton or willful fraud, dishonesty, or malicious wrongdoing as to involve a high degree of moral culpability...." 782 F.2d at 1118. *Whitney* does not, however, address the issue of punitive damages in actions for breach of contract. Therefore, to the extent that it acknowledges a relaxation in the requirement of a fraud upon the public, there is no indication that this requirement has been dispensed with in breach of contract cases.

In *Banco Nacional de Costa Rica v. Bremar Holdings Corp.,* 492 F.Supp. 364 (S.D.N.Y.1980), Judge Lasker followed *Borkowski* and denied a motion to dismiss plaintiff's claim for punitive damages in connection with its state law claims for fraud and breach of contract, even though the fraud involved was not "aimed at the public generally." 492 F.Supp. at 374. And in *Roy Export Co. v. CBS, Inc.,* 503 F.Supp. 1137 (S.D.N.Y.1980), *aff'd,* 672 F.2d 1095 (2d Cir.1982), *cert. denied,* 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982), Judge Lasker, again relying on *Borkowski,* permitted the award of punitive damages against CBS. But *Roy Export* involved claims of unfair competition and copyright infringement rather than breach of contract.

The only pure breach of contract case that supports plaintiff's position is *Williamson, Picket, Gross, Inc. v. Hirschfeld,* 92 A.D.2d 289, 460 N.Y.S.2d 37 (1st Dep't 1983). In *Williamson,* the plaintiff sued to recover a real estate brokerage commission and sought both punitive and compensatory damages. The court denied defendant's motion to strike the punitive damages portion of the complaint:

Whether a sufficient factual basis is presented to warrant such an award is an issue which cannot be determined on this record. If the offending conduct merely constitutes breach of contract plaintiff will be adequately compensated by an award of damages. On the other hand, if [defendant's] actions involve that

degree of bad faith evincing a "disingenuous or dishonest failure to carry out a contract" (citation omitted) punitive damages may be awarded. *Id.* at 41. But, three years later in *Jacobson v. New York Property Ins. Underwriting Assoc.,* 120 A.D.2d 233, 501 N.Y.S.2d 882 (1986), the same court totally ignored *Williamson,* and held that absent an allegation of public fraud, a claim for punitive damages cannot be sustained in a breach of contract action. Thus, *Williamson* appears to be an aberration, or has been silently overruled by *Jacobson.*

Apart from *Williamson,* all the decisions in cases in which the sole claim is for breach of contract agree that punitive damages are not available unless the plaintiff can show that the conduct complained of was not an isolated private wrong, but rather a morally culpable course of conduct aimed at injuring the public generally. In *Halpin v. Prudential Ins. Co. of America,* 48 N.Y.2d 906, *supra,* the plaintiff sought to recover compensatory and punitive damages from his insurer for wrongful termination of disability benefits under a group accident and insurance policy. The court stated:

> Inasmuch as plaintiff's action is grounded upon private breach of contract, and does not seek to vindicate a public right or deter morally culpable conduct, punitive damages are not recoverable.

425 N.Y.S.2d at 49.

■ The holdings in these cases can be harmonized by reference to the Restatement (Second) of Contracts § 355:

> Punitive damages are not recoverable for a breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable.

Those cases in which punitive damages have been permitted are cases in which defendant's conduct constitutes a legal wrong other than breach of contract and that other wrong itself supports a claim for punitive damages. *See Thyssen, Inc. v. S.S. Fortune Star,* 777 F.2d 57, 62–63 (2d Cir.1985). In this case, plaintiff's only claim is a claim for breach of an employment contract and, accordingly, punitive damages are not available. New York courts do not recognize a cause of action in tort for wrongful discharge of an employee, *Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983), and plaintiff has not asserted any other claim sounding in tort that would permit recovery of punitive damages.

A careful reading of the complaint shows only the following allegations of wrongful conduct. Paragraph 11 of the complaint alleges that "Consumers had no sufficient or reasonable cause to terminate plaintiff" and that Consumers "desired to avoid its contractual obligations to plaintiff." In paragraph 13, plaintiff alleges that "Consumers knowingly and maliciously charged plaintiff Purdy with numerous acts of alleged misconduct despite defendant's knowledge that these allegations were untrue and misrepresentations." Paragraph 15 alleges that "Consumers ... fraudulently accused plaintiff of the willful engaging in a course of conduct.... Defendant was at all times aware that these allegations were false and that defendant did not have cause to terminate." In addition, plaintiff claims that defendant deliberately acted to undermine plaintiff's authority and deliberately ignored plaintiff's letter offering to address defendant's concerns.

These allegations do not change the fundamental nature of this action. Plaintiff's claim remains an action to recover for a private wrong, namely, the breach of an employment contract. The most that plaintiff can show is that defendant knowingly and intentionally breached the agreement between them. Under the broadest possible construction of the complaint, plaintiff can prove no set of facts that would entitle him under New York law to the extraordinary remedy of punitive damages.

■ As an alternative ground for this decision, and as defendant points out, the agreement itself prescribes plaintiff's remedy. The essence of plaintiff's claim is that defendant invented the "good cause" that would justify terminating plaintiff in

order to avoid the substantial severance pay provided by the agreement for termination of plaintiff without cause. The agreement the parties entered into at the beginning of plaintiff's employment expressly foresaw the possibility of a dispute over the issue of "cause" and provided for litigation of that issue in the courts of New York. Paragraph 2.04(b)(1) of the Agreement provides that, in the event a court should find that defendant lacked good cause for its action, Consumers shall pay to Purdy "an agreed severance in lieu of any and all other monies or damages payable as a consequence of such termination of an amount equal to two (2) years Base Salary." That clause, pursuant to which plaintiff seeks compensatory damages, only comes into play upon a judicial finding of lack of good cause. Should plaintiff succeed in his underlying claim, he has contracted for the remedy.

For the reasons discussed above, defendant's motion to dismiss plaintiff's claim for punitive damages is granted.

SO ORDERED.