SUPREME AUTOMOTIVE MFG. CORP. et al., Respondents, v CONTINENTAL CASUALTY COMPANY, Appellant, et al., Defendant.

First Department, March 17, 1987

**APPEARANCES OF COUNSEL**

*John M. Speyer* of counsel *(Michelle J. France* with him on the brief; *Speyer & Perlberg,* attorneys), for appellant.

*Stuart A. Jackson* for respondents.

## OPINION OF THE COURT

KASSAL, J.

The action was commenced to recover proceeds of a fire insurance policy issued by appellant, covering plaintiffs' premises at 237 25th Street, Brooklyn, New York. On November 28 and 29, 1979, a fire occurred at plaintiffs' plant. Following an investigation by the insurer's independent adjuster and by the City Fire Marshal, it was determined that the fire had an incendiary origin and, accordingly, the carrier denied payment under the policy. This appeal concerns only the fifth cause of action in the complaint to recover punitive damages, based upon plaintiffs' claim that such relief is available and warranted as a result of defendant's morally reprehensible conduct which amounts to a fraud directed at the general public.

Essentially, plaintiffs point to three instances of wrongdoing by the insurer as justifying exemplary relief: (1) an alleged bribe offer to plaintiffs' employee to change his report as to the circumstances respecting the inoperability of the sprinkler system on the day of the fire (the employee stated that the sprinkler pipes were accidentally damaged by a forklift accident and the insurer's adjuster suggested that, had the employee's account been "a little different it might be worth his while"); (2) the removal of the electrical connection box from plaintiffs' premises, which plaintiffs claim was the accidental cause of the fire and which hampered the Fire Marshal's investigation; and (3) an alleged false statement from a witness that plaintiffs' president's automobile was seen at the premises shortly before the fire, which was presented to bolster the insurer's defense of arson.

The fifth cause of action, which seeks punitive damages as a remedy for these wrongful acts in processing the claim, further alleges that, "in recent years", Continental "adopted and pursued a general policy with respect to claims asserted under fire insurance policies of raising colorable defenses of alleged incendiarism by the insured, known to be without merit, in order to use such colorable defenses as a basis upon which to delay making payment under such policies so as to obtain * * * the benefit of the use of the money" during the ensuing period required to prosecute a suit to recover on the policies.

Special Term, denying defendant's motion for partial summary judgment dismissing this cause of action, concluded that the fraudulent scheme, if established at trial, would amount to a public wrong, sufficient to authorize recovery of exem-

plary damages. On this record, we disagree and find no basis to preserve the punitive damages issue for trial.

It is firmly established in this State that, in an action to recover on an insurance policy, punitive or exemplary damages may not be obtained "unless there is a showing of wanton dishonesty as to imply a criminal indifference to civil obligations—morally culpable conduct directed at the general public, a public as opposed to a mere private wrong." *(Samovar of Russia Jewelry Antique Corp. v Generali, Gen. Ins. Co., 102 AD2d 279, 282.)*

As we recognize in *Samovar (supra),* the principle is well established, has been adopted by the Court of Appeals *(Halpin v Prudential Ins. Co.,* 48 AD2d 906) and has been consistently followed in this Department *(Jacobson v New York Prop. Ins. Underwriting Assn.,* 120 AD2d 433; *Royal Globe Ins. Co. v Chock Full O'Nuts Corp.,* 86 AD2d 315; *Cook v Hartford Fire Ins. Co.,* 97 AD2d 731; *Holoness Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 75 AD2d 569; *Cohen v New York Prop. Ins. Underwriting Assn.,* 65 AD2d 71; *Kleiner v Jefferson Life Ins. Co.,* 63 AD2d 636; *John C. Supermarket, Inc. v New York Prop. Ins. Underwriting Assn.,* 60 AD2d 807; *Marvex Processing & Finishing Corp. v Allendale Mut. Ins. Co.,* 60 AD2d 800, *affg* 91 Misc 2d 683) and in the Second Department *(Shapiro v Prudential Ins. Co.,* 81 AD2d 661; *Waterview Catering Corp. v New York Prop. Ins. Underwriting Assn.,* 79 AD2d 973; *M. S. R. Assocs. v Consolidated Mut. Ins. Co.,* 58 AD2d 858). This adheres to the general rule in contract actions that, in order to support an award of punitive damages, there must be proof of more than a private wrong *(see, Merrick v Four Star Stage Light.,* 60 AD2d 806, 807, where it was observed that the wrongdoing must be "of a continuous and systematic nature, and aimed at the public generally"; *see also, Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 358; *Brook Shopping Centers v Bass,* 107 AD2d 615, *appeal dismissed* 65 NY2d 923).

Here, plaintiffs have made no showing of any fraudulent, criminal, dishonest or morally reprehensible conduct by the insurer concerning or affecting the general public so as to permit recovery of punitive damages. Clearly, the action is founded upon a private breach of contract and, other than the general, conclusory allegations in the complaint, there is nothing in the record to demonstrate a fraudulent and deceitful scheme in dealing with the general public.

The insurer denies the specific charges in connection with

the processing of the claim. Nevertheless, the complained of wrongs, assuming them to be true, relate to the handling of *this* claim and, although legally and morally reprehensible, they do not rise to the level of a wrong directed at the general public, necessary to support an award of punitive damages *(cf., Marvex Processing & Finishing Corp. v Allendale Mut. Ins. Co., supra,* where it was held that exemplary damages could not be recovered, notwithstanding the assertion that the insurer in that case deliberately sought to avoid payment under the policy to destroy plaintiffs' business and prevent them from reopening). Plainly, what is involved here is a private, not a public wrong.

Although discovery proceedings have been already held, the record does not include any affirmative proof to raise a triable issue that there was a gross and wanton fraud upon the public. As noted, the general, conclusory allegation in the complaint is insufficient in the absence of substantiating proof, as is the opposing affidavit by plaintiffs' attorney, who, without requisite personal knowledge of the facts, refers only to wrongdoing as applied to this claim, which, as noted, will not support a punitive damage award.

Moreover, it is well settled that a claim for punitive damages is not a separate cause of action *(see, Cook v Hartford Fire Ins. Co., supra; Carroll v New York Prop. Ins. Underwriting Assn.,* 88 AD2d 527, *lv dismissed* 57 NY2d 602, 774; *APS Food Sys. v Ward Foods,* 70 AD2d 483).

Accordingly, the order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered September 11, 1986, denying defendant's motion for partial summary judgment, dismissing so much of the complaint as seeks punitive damages, should be reversed, on the law, with costs, the motion granted and the fifth cause of action of the complaint dismissed.

SANDLER, J. P., CARRO, ELLERIN and WALLACH, JJ., concur.

Order, Supreme Court, New York County, entered on September 11, 1986, unanimously reversed, on the law, the motion granted and the fifth cause of action of the complaint dismissed. Appellant shall recover of respondents $75 costs and disbursements of this appeal.