AVNET, INC., Plaintiff,

v.

AMERICAN MOTORISTS INSURANCE
CO., Defendant.

No. 87 Civ. 0758 (KC).

United States District Court,
S.D. New York.

May 18, 1988.

Howard R. Hawkins, Cadwalader, Wickersham & Taft, New York City, for plaintiff.

Maura Fecher, Sidley and Austin, New York City, Kathleen A. Marron, Lawrence Zelle, Robins, Selle, Larson and Kaplan, Minneapolis, Minn., for defendant.

## OPINION AND ORDER

CONBOY, District Judge:

Plaintiff brings this action to recover fees and expenses incurred in defending a lawsuit, which it claims are covered under an insurance policy issued by defendant. In July, 1978, defendant issued to plaintiff a liability policy protecting plaintiff from losses arising from third-party claims for personal injury, including claims for malicious prosecution. The policy required defendant both to defend and to indemnify plaintiff in case of a covered third-party claim. In 1981, plaintiff was in fact sued for malicious prosecution, in *Scope v. Avnet,* a litigation brought in Superior Court of California, County of Los Angeles. Plaintiff alleges in this action that defendant failed to reimburse it for the full cost of its defense in the *Scope* litigation.

Plaintiff's original complaint contained claims for fraud and RICO violations. Judge Weinfeld dismissed those counts with leave to amend in May, 1987. *See Avnet, Inc. v. American Motorists Ins. Co.,* 115 F.R.D. 588, 590–92 (S.D.N.Y.1987). In June, 1987, plaintiff filed its amended complaint. In the amended complaint, plaintiff sues for breach of the insurance contract as its only claim for relief. Plaintiff seeks the full cost of its defense of the *Scope* action. As part of its claim for relief, plaintiff requests punitive damages, claiming that defendant's refusal to pay the costs of the defense was in bad faith. Defendant moves to dismiss the request for punitive damages, pursuant to Fed.R. Civ.P. 9(b). Defendant also moves to strike paragraphs 27 through 32 of the amended complaint. These paragraphs relate to the request for punitive damages.

## A. Dismissal Under Rule 9(b)

Under New York law, the law of the case, *see Avnet, Inc.*, 115 F.R.D. at 591, the mere breach of an insurance contract, even a willful and unjustified breach, does not support a claim for punitive damages. *See, e.g., Eccobay Sportswear, Inc. v. Providence Washington Ins. Co.*, 585 F.Supp. 1343, 1344 (S.D.N.Y.1984).

> The New York courts routinely dismiss claims for punitive damages against insurance carriers when there has been no allegation or showing that the carrier, in its dealings with the general public, had engaged in a fraudulent scheme evincing such a high degree of moral turpitude and ... such wanton dishonesty as to imply a criminal indifference to civil obligations.

*Id.* (quoting *Leidesdorf v. Fireman's Fund Ins. Co.*, 470 F.Supp. 82, 85 (S.D.N.Y.1979) (quotation marks omitted); *see, e.g., Hubbell v. Trans World Life Ins. Co.*, 50 N.Y.2d 899, 901, 408 N.E.2d 918, 919, 430 N.Y.S.2d 589, 590 (1980) *(mem.)*; *Supreme Automotive Mfg. Corp. v. Continental Casualty Co.*, 126 A.D.2d 153, 155–56, 512 N.Y.S.2d 820, 822–23 (1st Dep't), *appeal dismissed mem.*, 69 N.Y.2d 1038, 511 N.E. 2d 90, — N.Y.S.2d — (1987); *Royal Globe Ins. Co. v. Chock Full O'Nuts Corp.*, 86 A.D.2d 315, 318–21, 449 N.Y.S.2d 740, 743–45 (1st Dep't 1982), *appeal dismissed mem.*, 58 N.Y.2d 800, 445 N.E.2d 649, 459 N.Y.S.2d 266 (1983); *Buttignol Constr. Co. v. Allstate Ins. Co.*, 22 A.D.2d 689, 689, 253 N.Y.S.2d 172, 173 (2d Dep't 1964) *(mem.)*, *aff'd mem.*, 17 N.Y.2d 476, 214 N.E.2d 162, 266 N.Y.S.2d 982 (1965);

*see also Walker v. Sheldon*, 10 N.Y.2d 401, 404–06, 179 N.E.2d 497, 498–500, 223 N.Y. S.2d 488, 490–92 (1961) (addressing circumstances warranting award of punitive damages in "fraud and deceit" action generally). Absent a showing of such gross and wanton fraud on the public, plaintiff's claim for punitive damages cannot stand.

Plaintiff argues that, as its cause of action is for "bad faith breach of contract," the allegations necessary to support an award of punitive damages need not comply with Rule 9(b). The argument is without merit. "The particularity requirement of Rule 9(b) extends to 'all averments of fraud or mistake.' Thus, the rule extends to averments of fraud or mistake, whatever may be the theory of legal duty—statutory, tort, contractual, or fiduciary." *Shapiro v. Miami Oil Producers*, 84 F.R.D. 234, 236 (D.Mass.1979); *accord Frota v. Prudential–Bache Sec.*, 639 F.Supp. 1186, 1193 (S.D.N.Y.1986).[1] The rule in New York is that "absent an allegation of public fraud, a claim for punitive damages cannot be sustained in a breach of contract action." *Purdy v. Consumers Distrib. Co.*, 648 F.Supp. 980, 983 (S.D.N.Y.1986).[2] Thus, it is necessary for those of plaintiff's allegations of defendant's conduct that go to the alleged "public fraud" to meet the demands of Rule 9(b).

In an attempt to show fraud on the public, plaintiff points to three occasions, other than the *Scope* action, when defendant delayed or denied payment of a claim. First, in 1972 defendant issued to plaintiff blanket bonds protecting plaintiff from losses arising out of dishonest or fraudulent acts

---

**1.** In dismissing three causes of action relating to these allegations, the court previously stated that they "state a single *tort* claim against defendant[ ]." *Avnet, Inc. v. American Motorists Ins. Co.*, 115 F.R.D. 588, 592 (S.D.N.Y.1987) (emphasis added). This label is consistent with the principle stated in the Restatement (Second) of Contracts section 355:

> Punitive damages are not recoverable for a breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable.

*Id.*, quoted in *Purdy v. Consumers Distrib. Co.*, 648 F.Supp. 980, 983 (S.D.N.Y.1986).

**2.** The court in *Purdy v. Consumers Distributing Company*, 648 F.Supp. 980 (S.D.N.Y.1986), stat-

ed that *Williamson, Picket, Gross, Inc. v. Hirschfeld*, 92 A.D.2d 289, 460 N.Y.S.2d 36 (1st Dep't 1983), was "aberration[al]" from the line of cases discussing the availability of punitive damages in breach of contract actions in that it did not require an allegation of public fraud. *See* 648 F.Supp. at 982–83. The court disagrees with this reading. *See* 92 A.D.2d at 295, 460 N.Y.S.2d at 41 ("Suffice to say, 'punitive damages are not available for mere breach of contract, for in such a case only a private wrong, and not a public right, is involved.'") (quoting *Garrity v. Lyle Stuart, Inc.*, 40 N.Y.2d 354, 358, 353 N.E.2d 793, 795, 386 N.Y.S.2d 831, 833 (1976)).

of its employees. Plaintiff suffered losses due to a kickback scheme engaged in by two of its officers. Plaintiff submitted a claim. Defendant initially denied coverage of the claim but ultimately paid it.

Second, plaintiff alleges a second fraudulent scheme perpetrated on it, without providing any details other than to state that it was similar to the first kickback scheme. Plaintiff alleges that defendant denied coverage of its claim stemming from this scheme.

Third, plaintiff points to a claim submitted to defendant by Central Armature Works, an insured unrelated to plaintiff. Defendant declined to pay this claim. In the District Court for the District of Columbia, defendant was held liable under the law of the District of Columbia for compensatory and punitive damages for bad faith denial of this claim. *See Central Armature Works v. American Motorists Ins. Co.*, 520 F.Supp. 283, 291–96 (D.D.C.1980).

■ Plaintiff contends that these three incidents, plus the *Scope* incident, are enough to show fraud on the public entitling it to punitive damages. Defendant counters that an insurance company has a right and a duty to investigate insurance claims before paying them, and that accordingly some delay in payment cannot constitute a punitive damages claim. Further, defendant points out that, while plaintiff has been insured by defendant for more than fifteen years, plaintiff has been able to identify only four incidents of delayed payment. This does not show "wrongdoing ... 'of a continuous and systematic nature, and aimed at the public generally.'" *Continental Casualty Co.*, 126 A.D.2d at 155, 512 N.Y.S.2d at 822 (quoting *Merrick v. Four Star Stage Lighting, Inc.*, 60 A.D.2d 806, 807, 400 N.Y.S.2d 543, 544 (1st Dep't 1978) (*mem.*)).

Plaintiff's allegations are insufficient. "To sustain its claim for punitive damages, the plaintiff must do more than 'resort [sic] to repetitive labels and meaningless verbiage'—plaintiff must set forth 'sufficient evidentiary allegations of ultimate facts' pointing to a fraudulent scheme upon the public." *Eccobay Sportswear, Inc.*, 585 F.Supp. at 1345 (quoting *Holoness Realty*

*Corp. v. New York Property Ins. Underwriting Ass'n*, 75 A.D.2d 569, 570, 427 N.Y.S.2d 264, 265–66 (1st Dep't 1980) (*mem.*)). This amended complaint fails to raise a colorable issue regarding punitive damages. In view of the fact the defendant has the right to deny or delay payment of disputed claims, *see Leidesdorf v. Fireman's Fund Ins. Co.*, 470 F.Supp. at 85; *Cohen v. New York Property Ins. Underwriting Ass'n*, 65 A.D.2d 71, 76–78, 410 N.Y.S.2d 597, 600–01 (1st Dep't 1978), and in view of the small number of claims over many years allegedly handled in bad faith, "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The request for punitive damages therefore is dismissed for failure to comply with Rule 9(b). *See Nordlicht v. New York Tel. Co.*, 617 F.Supp. 220, 229 (S.D.N.Y.1985), *aff'd*, 799 F.2d 859 (2d Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 929, 93 L.Ed.2d 981 (1987).

As plaintiff has been given the opportunity to amend to comply with Rule 9(b), and has failed to do so in the amended pleading, dismissal with prejudice is justified. *See Decker v. Massey–Ferguson, Ltd.*, 681 F.2d 111, 114–15 (2d Cir.1982); *Denny v. Barber*, 576 F.2d 465, 470–71 (2d Cir.1978); *see also Armstrong v. McAlpin*, 699 F.2d 79, 93–94 (2d Cir.1983) (dismissing second amended complaint with prejudice). The dismissal of the first complaint "put plaintiff's counsel on the plainest notice of what was required." *Denny*, 576 F.2d at 471; *see Avnet, Inc.*, 115 F.R.D. at 591–92 & n. 5; *see generally* Transcript of hearing on motion to dismiss, Apr. 28, 1987. It is not appropriate to allow plaintiff another opportunity to plead. Plaintiff should have recognized that it would be required to comply with Rule 9(b) despite framing its cause of action as one for "bad faith breach of contract." Therefore, the request for relief in the form of punitive damages is dismissed with prejudice.

### B.  Motion to Strike

■ Defendant, anticipating success on its motion to dismiss, also moves to strike

the pleadings of paragraphs 27–32 of the amended complaint. To properly decide a motion to strike, the issue must be framed. *Burger v. Health Ins. Plan*, 684 F.Supp. 46, 52 (S.D.N.Y.1988); *Gleason v. Chain Serv. Restaurant*, 300 F.Supp. 1241, 1257 (S.D.N.Y.1969), *aff'd per curiam*, 422 F.2d 342 (2d Cir.1970). Having dismissed the request for punitive damages, the issue in the case is defendant's conduct regarding this contract.

Once the issue[ is] framed, the court turns to the particular allegations, keeping in mind that "[m]otions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." ... Matter will not be stricken on the ground it is immaterial and impertinent "unless it can be shown that no evidence in support of the allegation would be admissible."

*Burger v. Health Ins. Plan*, 684 F.Supp. at 52 (first bracketed material added, second bracketed material in original) (quoting, respectively, *Reiter's Beer Distribs. v. Christian Schmidt Brewing Co.*, 657 F.Supp. 136, 143 (E.D.N.Y.1987), and *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir.1976)). The particular allegations at issue deal with breaches of other contracts of insurance.

"Federal Rule of Evidence 404(b)—which applies in both civil and criminal cases—generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge." *Huddleston v. United States*, —— U.S. ——, ——, 108 S.Ct. 1496, ——, 99 L.Ed.2d 771 (U.S.1988); *see In re Estate of Brandon*, 55 N.Y.2d 206, 210–11, 433 N.E.2d 501, 503, 448 N.Y.S.2d 436, 438 (1982). Rule 404(b) also lists, *inter alia*, intent and plan as relevant issues supporting the introduction of extrinsic evidence. Fed.R.Evid. 404(b).

The court's determination that plaintiff has failed to state a claim for punitive damages disposes of any argument that evidence concerning these incidents could be admitted to show a plan by the defendant. There may be, however, other grounds to admit evidence regarding these incidents.

There could be, for example, an issue regarding defendant's intent when it breached this contract. Presently, the court is not able to say to a certainty that no evidence regarding these other contract disputes will be admissible. As the Second Circuit has stated:

Evidentiary questions ... should especially be avoided at such a preliminary stage of the proceedings. Usually the questions of relevancy and admissibility in general require the context of an ongoing and unfolding trial in which to be properly decided. And ordinarily ... a district court ... should [not] decide to strike a portion of the complaint—on the grounds that the material could not possibly be relevant—on the sterile field of the pleadings alone.

*Lipsky v. Commonwealth United Corp.*, 551 F.2d at 893. This denial is made without prejudice to raise the issue at a later time. *See United States Football League v. National Football League*, 634 F.Supp. 1155, 1165–75 (S.D.N.Y.1986) (treating motion to strike made untimely, and including matter outside the pleadings, as a motion for partial summary judgment), *aff'd*, 842 F.2d 1335 (2d Cir.1988).

## CONCLUSION

Plaintiff's request for punitive damages is dismissed with prejudice. Defendant's motion to strike is denied, without prejudice to raise the issue at a later time.

The parties are directed to proceed with discovery. Discovery shall close August 12, 1988. Any motions to be made shall be filed no later than August 26. If no motions are made, the parties are to file a joint pre-trial order by September 16, 1988. Trial is scheduled for October 11, 1988.

SO ORDERED.