**HEDAYA BROTHERS, INC. and
Bank Leumi Trust Company
of New York, Plaintiffs,**

v.

**FEDERAL INSURANCE COMPANY,
Defendant.**

**FEDERAL INSURANCE COMPANY,
Third–Party Plaintiff,**

v.

**Joseph HEDAYA, Nathan Hedaya,
and James Vargas, Third–
Party Defendants.**

**No. 91–CV–1437.**

United States District Court,
E.D. New York.

Aug. 20, 1992.

Weg and Myers, P.C., New York City (Dennis T. D'Antonio, of counsel), for plaintiffs and third-party defendants.

Tell, Cheser & Breitbart, New York City (Franklin D. Tell, Alfred C. Polidore, of counsel), for defendant and third-party plaintiff.

## MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

*Background*

This diversity action is brought by plaintiffs (collectively "Hedaya") to recover insurance proceeds allegedly due under an all risk insurance policy issued by the defendant insurer ("Federal"). Federal moves for the second time pursuant to Fed. R.Civ.P. 9(b) and 12(b) to dismiss all but Hedaya's claims for actual damages for failure to meet the particularity requirements for pleading fraud. On June 26, 1992, having held that both the original and first amended complaint did not satisfy Rule 9(b), the court granted Hedaya leave under Fed.R.Civ.P. 15(a) to submit a second

amended complaint which is the subject of the instant motion.

Hedaya's second amended complaint sets forth the following two causes of action: [1] that Federal breached the policy by refusing to cover the damages and subsequent business interruption losses caused by vandalism to thirty-seven of Hedaya's embroidery machines; and [2] that Federal violated N.Y. General Business Law § 349 by engaging in deceptive acts and practices in investigating and refusing to pay on the policy. Hedaya seeks actual damages from the first cause of action and actual and trebled statutory damages and reasonable attorney's fees from the second cause of action. Hedaya also seeks punitive and exemplary damages without identifying the claim upon which it relies.

The fraud alleged in the second amended complaint is set forth in Paragraphs 23 and 24. Paragraph 23 states allegations relating exclusively to Federal's investigation and denial of Hedaya's claim. Paragraph 24 alleges that Federal and its parent, Chubb Group of Insurance Companies, engage in a "general business practice" of "low balling" claims filed by insureds which force them to hire counsel, litigate and settle under "economic duress." The only specific example of this alleged pattern is a reference in Paragraph 24 to "the claim of *Mastermind, Inc.*, ... wherein no offer was made for the several years of the claim and then the claim was settled on trial ... for essentially the entire amount of claim."

*Discussion*

■ Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). The Second Circuit interprets Rule 9(b) to require that "allegations of fraud must be supported by particular statements indicating the factual circumstances on which the theory of fraud is based."

*Stern v. General Elec. Co.*, 924 F.2d 472, 476 (2d Cir.1991). The Second Circuit advises "rigorous enforcement" of Rule 9(b) in order to protect a defendant's reputation from baseless charges of wrongdoing and to deter strike suits. *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir.1990).

■ Allegations of fraud are not required in § 349 actions. *Riordan v. Nationwide Mut. Fire Ins. Co.*, 756 F.Supp. 732, 737 (S.D.N.Y.1990); *Genesco Entertainment, Div. of Lymutt Industries, Inc. v. Koch*, 593 F.Supp. 743, 751 (S.D.N.Y. 1984); *Allstate Insurance Co. v. Foschio*, 93 A.D.2d 328, 462 N.Y.S.2d 44, 47 (2d Dept.1983). Thus, any allegation of fraud made in connection with Hedaya's § 349 claim is surplusage and not subject to review under Rule 9(b). In contrast, since Hedaya's *ad damnum* clause for punitive and exemplary damages is available only if the breach of the insurance contract also constitutes a public fraud, it is well settled that Rule 9(b) applies to this claim.[1] *Riordan*, 756 F.Supp. at 740–43; *Raphael v. Aetna Cas. and Sur. Co.*, 744 F.Supp. 71, 75–76 (S.D.N.Y.1990); *Avnet, Inc. v. American Motorists Ins. Co.*, 684 F.Supp. 814, 815 (S.D.N.Y.1988); *see Eccobay Sportswear, Inc. v. Providence Washington Ins. Co.*, 585 F.Supp. 1343, 1344–45 (S.D.N.Y. 1984). Indeed, Hedaya must plead "fraud aimed at the public generally, evincing a high degree of moral turpitude and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations ..." with requisite specificity in order to comply with Rule 9(b). *Durham Industries, Inc. v. North River Ins. Co.*, 673 F.2d 37, 41 (2nd Cir.1982), *cert. den.*, 459 U.S. 827, 103 S.Ct. 61, 74 L.Ed.2d 64 (1982) (internal quotations omitted).

■ Hedaya's allegation that Federal engages in fraudulent scheme of low balling insurance claims to the general public is supported only by one specific reference to a case involving Federal described as

---

1. The second amended complaint does not specify whether the *ad damnum* clause for punitive and exemplary damages relates to the first or second cause of action. The court holds that it can only tie to the first cause of action for breach of contract because § 349 does not contain a provision for recovery of punitive damages. N.Y. General Business Law § 349 (McKinney's 1988).

*Mastermind, Inc.* The fact that Federal once denied a claim and then settled for the original amount much later "is hardly indicative of a far-flung fraudulent scheme, systematically conducted for profit" by Federal. *Eccobay,* 585 F.Supp. at 1345 (internal quotations omitted). The rest of Hedaya's allegations of fraud are set forth upon information and belief, which is prohibited by Rule 9(b). *Stern,* 924 F.2d at 477; *Eccobay,* 585 F.Supp. at 1345.[2] Conclusory allegations of a systematic public fraud, spiced up only by reference to a single case which by itself could not possibly substantiate such allegations, do not meet the demands of Rule 9(b). This claim should be and is hereby dismissed with prejudice because Hedaya has already had two opportunities to amend to comply with Rule 9(b). *Armstrong v. McAlpin,* 699 F.2d 79, 93–94 (2d Cir.1983); *Avnet,* 684 F.Supp. at 816.

The court has carefully considered the merits of the defendant's motion, and for the reasons stated above, it is IN PART GRANTED and IN PART DENIED. The defendant's motion is GRANTED to the extent that Hedaya's claim for punitive damages is hereby dismissed with prejudice. The defendant's motion is DENIED concerning the remainder of Hedaya's claims.

SO ORDERED.

---

2. Rule 9(b) provides a narrow exception to this prohibition for matters "peculiarly within the adverse party's knowledge." *Madonna v. U.S.,* 878 F.2d 62, 66 (2d Cir.1989); *accord Stern,* 924 F.2d at 477. Hedaya cannot avail itself of this exception for three reasons. First, the second amended complaint does not allege that any necessary information lies within Federal's control. Second, Hedaya waived the exception by arguing that its second amended complaint is not founded upon information and belief. Pl.'s Mem.L. at 26. Third, Hedaya did not comply with the requirement that allegations submitted upon information and belief be accompanied by a statement of facts upon which the belief is founded. *Madonna,* 878 F.2d at 66; *accord Stern,* 924 F.2d at 477.